JAMES FREE ET AL. v. ROBERT BURGESS & SON.

No. 2064.   Decided January 18, 1911.

1.—Nonsuit—Reconvention—Pleading.

To an action on a personal judgment in another State defendants' answer denied that they were residents of such State at the time, and alleged that the court had obtained no jurisdiction by service of process upon them in that State, and prayed for judgment "restraining the plaintiffs from further suing or otherwise harassing them with the cause of action sued on." Held, that such pleading was merely defensive, disclosing no grounds for injunction or affirmative equitable relief, and that plaintiffs, on application to take voluntary nonsuit were entitled to do so, and defendants were not entitled to proceed as upon a cross-action. (Pp. 32-35.)

**2.—Same—Amendment.**

The right of plaintiffs to terminate the action by voluntary nonsuit is to be tested by the state of the pleadings when they apply therefor; it can not be prevented by an attempt of defendant to amend and seek affirmative relief.    (P. 35.)

Certificate of dissent from the Court of Civil Appeals, Second District, in an appeal from Potter County.

*Reeder, Graham & Williams,* for appellants.—Defendant's pleading was entitled to stand over as a cross-action for affirmative relief. Rev. Stat., art. 1301; French v. Grossbeeck, 8 Texas Civ. App., 19; Akard v. Western Mtg. & Inv. Co., 34 S. W., 139; Short v. Hepburn, 89 Texas, 622; Blank v. Robertson, 34 Texas Civ. App., 387.

If defendants' plea for affirmative relief was insufficient they were entitled to amend.   Blank v. Robertson, 34 Texas Civ. App., 387.

*Sam J. Hunter, for appellees.*—On right to affirmative relief: 1 Pomeroy's Equity (2d ed.) secs. 254, 245, 275.

On right to amend: Walker & Son v. Hernandez, 42 Texas Civ. App., 543.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Certificate of dissent from the Court of Civil Appeals for the Second District, the point of difference appearing in the following opinion of Chief Justice Conner:

"Appellees Robert Burgess & Son, a partnership composed of Robert Burgess and Charles Burgess of Marshall County, Illinois, instituted this suit on September 13, 1907, against appellants James Free, John P. Free and Stanley Free, alleging that on or about the 23rd day of September, 1904, the plaintiffs had instituted suits against the defendants in the Circuit Court of the County of Marshall and State of Illinois, in separate actions on promissory notes; that said court was a court of general jurisdiction, had jurisdiction over the persons of the defendants and of the subject matter of the suit, and that the defendants appeared in said suits by their duly authorized attorney and waived service of process and confessed judgment in each of said suits; that in each of two of said suits judgment against the defendants had been rendered for the sum of two thousand one hundred and twenty-two dollars and eight cents · and five dollars and fifty cents costs, and that in the other of said suits the judgment was for the sum of one thousand nine hundred and twenty-seven dollars and seventeen cents with five dollars and fifty cents costs, aggregating a total of six thousand one hundred and seventy-one dollars and twenty-three cents and sixteen dollars and fifteen cents costs; that execution had been issued on each of said judgments on or about the 24th of September, 1904, but were returned unsatisfied and no part of the judgments had been paid.   A duly authenticated transcript of the proceedings and copies of the judgements were attached to appellees' petition as exhibits.   It was further alleged that all the proceedings mentioned were in accordance with the statutes and laws of the State of Illinois which were pleaded.   It was alleged that said judgments

were in full force and effect and that by reason of the premises defendants were justly indebted to the plaintiffs in the sum of six thousand, one hundred and eighty-seven dollars and seventy-three cents with legal interest thereon from the 23rd day of September, 1904, for all which there was prayer for judgment together with the prayer for general and special relief.

"So far as necessary to notice, by an amended answer filed on November 14, 1908, appellants pleaded the general denial and specially denied that the Circuit Court of Marshall County, Illinois, had any jurisdiction over their persons or that either of the defendants appeared in the Illinois suits in which the judgment had been rendered, by any legally authorized attorney, or waived service of process or confessed judgment therein. The following further special plea was presented: 'For further special defense herein these defendants and each of them allege and would show to the court that they nor either of them ever resided within the State of Illinois; nor were these defendants or either of them ever served with any kind of service, process, or notice as to the filing or pendency of either of the suits mentioned in plaintiffs' petition at any time or place, nor did they or either of them ever legally authorize any one to appear for them, or either of them ever appear in suit or suits in any manner. And these defendants further allege that for many years prior to September 24, 1904, these defendants and each of them were inhabitants and bona fide resident citizens of the State of Missouri and continued to be such until about January 1, 1905, when they and each of them removed to the State of Texas, where they have continuously resided since.

" 'Premises considered, these defendants and each of them pray that plaintiff take nothing by this suit, and that they and each of them go hence without day and recover of and from plaintiffs all costs in this behalf expended.

" 'And these defendants further pray that judgment be rendered herein restraining the plaintiffs from further sueing or otherwise harassing them with the cause of action herein sued upon. And defendants also pray for all such other and further relief, both general and special, legal and equitable, as under the pleadings and the proof they may show themselves entitled to on the trial hereof.'

"On December 16, 1908; appellee filed a motion for nonsuit and dismissal of the cause, which omitting formal parts is as follows: 'Now come the plaintiffs in the above entitled and numbered cause and shows to the court that they desire to take a nonsuit in same, and that defendants have no plea filed in said cause asking for such affirmative relief as to keep plaintiffs from dismissing this cause from the docket of this court.

" 'Wherefore, plaintiffs pray that this cause be dismissed without prejudice and that plaintiffs have leave to withdraw documents filed.'

"The following order, omitting formal parts and parts not necessary to an understanding of this opinion, was made: 'On this day this cause was regularly reached for trial, and plaintiffs appearing by their attorney of record W. E. Gee, and the defendants appearing in person and by their attorneys of record Reeder, Graham & Williams;

whereupon, in open court the plaintiffs presented to the court their motion for a nonsuit filed in this cause on this day, and the defendants resisted said cause being nonsuited and insisted upon their right to have the cause proceed to trial on their first amended answer filed herein on the 14th day of November, 1908; whereupon the pleadings of the plaintiffs and the defendants were respectively read to the court and the court having heard the law in support of plaintiffs' said motion to take a nonsuit and in support of the defendants' said answer, announced that in his opinion the allegations of fact in defendants' said answer were insufficient to entitle them to the relief prayed for therein. Whereupon the defendants asked leave of the court to amend, and tendered in open court their second amended answer, which amendment the court refused to permit filed and refused to consider the same.

" 'And it being the opinion of the court that the plaintiffs, under the law and the pleadings, were entitled to the nonsuit as prayed for and that the defendants' first amended answer was insufficient to entitle them to any part of the relief prayed for therein, it is therefore ordered, adjudged and decreed by the court that the plaintiffs' said motion for nonsuit be and the same is in all things sustained and that this cause be dismissed from the docket of this court without prejudice as to the rights of either the plaintiffs or the defendants as to the matters in controversy herein.

" 'And it is further ordered, adjudged and decreed by the court that the defendant take nothing by virtue of their said answer and that the same be dismissed from the docket of this court without prejudice as to the rights of the parties hereto as to the matters contained therein.'

"The judgment further decreed costs in favor of appellants, recited appellants' exception to the action taken, and the fact that appellants gave notice of appeal to the judgment, etc.

"Appellants present several assignments of error to the effect that the trial court erred in 'holding appellants' first amended answer, filed herein November 14, 1908, insufficient as a plea in reconvention,' and in 'refusing to permit appellants to file their second amended answer, as shown more fully by their bill of exception number one,' and in 'sustaining appellees' motion for a nonsuit,' and 'in dismissing the case from the docket of the court,' and the majority have concluded that the assignments should be sustained. Article 1301 of the Revised Statutes provides that: 'At any time before the jury have retired the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief; when the case is tried by the judge such nonsuit may be taken at any time before the decision is announced.' The majority are of opinion that appellants' special plea hereinbefore quoted is sufficient as a cross-action for affirmative relief to prevent the dismissal of the entire cause over appellants' objection, especially in view of the application to amend, and of that line of cases, among which Killebrew v. Stockdale, 51 Texas, 529 may be cited, to the effect that the filing of a petition bad on general demurrer constitutes a sufficient commencement of a suit to stop the running of the statute of limitations.

And they approve as applicable herein the following cases cited by appellants, viz: French v. Groesbeck, 8 Texas Civ. App., 19, 27 S. W., 43; Akard v. Western Mortg. & Inv. Co., 34 S. W., 139; Short v. Hepburn, 89 Texas, 622, 35 S. W., 1056; Blank v. Robertson, 34 Texas Civ. App., 387, 78 S. W., 564.

"The writer, however, has been unable to concur in the conclusions of the majority, and will endeavor to very briefly present his view. While the statute under consideration expressly declares, as has also been many times decided, that a plaintiff can not by nonsuit prejudice the right of a defendant to be heard on a filed plea for affirmative relief, there is nothing, in the judgment of the writer, in the special plea in this case that even suggests equitable or affirmative relief except the prayer. There is no averment of nonindebtedness or of fraud in the execution of the notes upon which the judgments had been rendered, or that appellees had or were intending to harrass appellants by a wrongful institution of other suits. In legal effect the facts pleaded as it seems to the writer are purely defensive and amount to no more than appellants' special denial. See Redus v. Burnett, 59 Texas, 576; Easley v. McClinton, 33 Texas, 288, and cases therein cited. If by the mere addition of a prayer for injunction or other equitable relief to an answer, as in this case, a plaintiff can be compelled to meet obstacles to recover notwithstanding some sudden and unexpected inability to make proof or of preparation to establish his case has arisen, then the object of the statute quoted and the benefit intended by its enactment fails. Our cases on the subject are reviewed in the case of Short v. Hepburn, 89 Texas, 622, 35 S. W., 1056, cited by appellants, and that case, and the cases of Hoodless v. Winter, 80 Texas, 638 and Gibson v. Moore, 22 Texas, 611, therein discussed, seem to fully support the correctness of the trial court's ruling as to the sufficiency of appellants' alleged plea for affirmative relief. If the court was correct in the determination that said special plea did not constitute a cause for affirmative relief then the judgment is correct, as the right of appellees to have the cause dismissed depended upon the state of the pleadings at the time the nonsuit was requested."

We agree with the dissenting opinion in the propositions that there was no "claim for affirmative relief" on part of defendants on file at the time plaintiffs announced that they would take a nonsuit, and that their right to do so could not be defeated by such a claim afterwards set up under the name of an amendment. The answer, both in its language and matter, was purely defensive. The prayer for injunction and for general and special, legal and equitable relief means no more than that it be granted as a consequence of sustaining the defense, as a prayer for the quieting of title is sometimes found at the conclusion of a plea of not guilty. Such prayers add nothing to the legal effect of the answers to which they are added, and are properly to be disregarded.