## WOOD v. MONTGOMERY.

(Court of Civil Appeals of Texas. March 25, 1911. Rehearing Denied April 29, 1911.)

JUDGMENT (§ 101*)—AFFIRMATIVE RELIEF UNDER ANSWER.

In a suit to recover land, an answer pleading general exceptions, general denial, and limitations, and praying judgment for the land and for other legal or equitable relief, was insufficient to authorize affirmative judgment for defendant on plaintiff's failure to appear; the prayers adding nothing to the legal effect of the answer.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 168–170; Dec. Dig. § 101.*]

Error from District Court, Hall County; S. P. Huff, Judge.

Action by T. J. Wood against J. C. Montgomery. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

W. J. Weaver, R. S. Neblett, and W. W. Ballew, for plaintiff in error. W. M. Pardue, for defendant in error.

SPEER, J. T. J. Wood filed suit in the district court of Hall county to recover from J. C. Montgomery title and possession of certain real estate in the town of Memphis. The defendant answered by a general exception, general denial, plea of not guilty, and the statutes of three, five, and ten years limitation, concluding with the following prayer: "Wherefore defendant prays that he have judgment against the plaintiff, T. J. Woods, Jr., for the above-described lots, and costs of suit, and for such further relief as he is entitled to in law or equity." When the case was called for trial in the district court, the plaintiff failed to appear, and the court ordered his said suit to be dismissed; but the defendant appeared, and at his instance the court rendered judgment in his favor, that he recover from the plaintiff the lands in controversy as upon his answer, seeking affirmative relief. From this judgment, the plaintiff in error prosecutes his writ.

It is contended, on the one hand, that plaintiff in error was never served with notice of defendant in error's pleadings, so as to justify the default judgment taken; and, on the other, that plaintiff in error made such an appearance in the case after the pleadings were filed as to waive the necessity for such service. But we find it altogether unnecessary to determine these matters, since the pleading above set forth is altogether insufficient to support the judgment rendered, which error is apparent on the face of the record and demands a reversal of the judgment. The very recent case of Free v. Robert Burgess & Son, 133 S. W. 421, is, we think, decisive of the matter, if, indeed, authorities were needed. In that case a majority of this court had held that the answer was sufficient as a plea for affirmative relief, since it set up a state of facts which the defendant asserted as ground for injunction against the plaintiff's further prosecuting that cause of action at other times and places. But the Supreme Court answer that "the prayer for injunction and for general and special, legal and equitable, relief means no more than that it be granted as a consequence of sustaining the defense, as a prayer for the quieting of title is sometimes found at the conclusion of a plea of not guilty. Such prayers add nothing to the legal effect of the answers to which they are added, and are properly to be disregarded." We think there is less room for the contention that the answer sought affirmative relief in the present case than in that to which reference is made.

Reversed and remanded.