## DAVIES v. RUTLAND. (No. 6312.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1920. On Motion for Rehearing, March 10, 1920.)

1. VENDOR AND PURCHASER ⬅231(1)—WHERE DEED WAS RECORDED, SUBSEQUENT PURCHASER FROM LANDOWNER HAS CONSTRUCTIVE NOTICE OF THE LAND CONVEYED.

Where the owner of a large parcel of land conveyed 50 acres and the deed was recorded, a subsequent purchaser from such landowner has constructive notice of the conveyance.

2. BOUNDARIES ⬅46(1)—EVIDENCE INSUFFICIENT TO ESTABLISH AN AGREED BOUNDARY BETWEEN PURCHASER AND HIS GRANTOR.

Where plaintiff purchased 50 acres from the owner of a larger parcel, and the surveyor provided by the owner made an error so that plaintiff was put into possession of less than 50 acres, held that, though plaintiff and the son of the landowner carried the chains for the surveyor, plaintiff could not be denied recovery of his full 50 acres in an action against the one who purchased the remaining land on the theory that the lines as run by the surveyor were agreed lines.

3. BOUNDARIES ⬅47(2)—ORIGINAL PURCHASER, WHO RECEIVED LESS THAN HE WAS ENTITLED TO, NOT ESTOPPED AS AGAINST SUBSEQUENT PURCHASER TO CLAIM FULL AMOUNT OF LAND.

Where plaintiff purchased 50 acres from the owner of a larger parcel of land, and thereafter the remainder was sold to defendant, held that, in an action by plaintiff who had not been put in possession of his full 50 acres, etc., defendant could not defeat recovery on the theory that, having paid for all of the land, possession of which he received, plaintiff was estopped from claiming his full 50 acres.

### On Motion for Rehearing.

4. PLEADING ⬅148—DEFENDANT'S PLEADING HELD ANSWER AND NOT CROSS-COMPLAINT.

In an action by plaintiff to recover possession of lands, defendant's answer which was in the usual form of an answer setting up affirmative matter, to the effect that plaintiff was bound by his lines as run by a surveyor, etc., and concluded with a prayer that defendant go hence without day and recover his costs, must be treated as an answer and not as a cross-action.

5. EVIDENCE ⬅91 — AFFIRMATIVE MATTER ALLEGED IN ANSWER MUST BE PROVED BY DEFENDANT.

As the statute interposes a general denial on behalf of plaintiff, a defendant who set up affirmatively defensive matter in the answer has the burden of proving such matter.

6. PLEADING ⬅376—ADMISSIONS IN PLEADING FOLLOWING PLEA OF NOT GUILTY CANNOT RELIEVE PLAINTIFF OF BURDEN OF SHOWING PRIMA FACIE CASE.

In an action to recover land, admissions in answer which followed a plea of not guilty, mak-

ing it incumbent on plaintiff to show a prima facie right to the property, will not support a judgment in favor of plaintiff and relieve him of the burden of showing a prima facie case.

Error from District Court, Victoria County; John M. Green, Judge.

Action by Edwin Davies against J. W. Rutland. There was a judgment for defendant, and plaintiff brings error. Reversed and rendered.

C. C. Carsner, of Victoria, for plaintiff in error.

Fly & Ragsdale, of Victoria, for defendant in error.

MOURSUND, J. Edwin Davies sued John W. Rutland, alleging ownership of 50 acres of land in Victoria county, being 30 acres out of S. A. & M. G. Railroad Company survey No. 3, and 20 acres of the same company's survey No. 5, and said 50 acres being described by metes and bounds as follows:

"Beginning at an iron stake, the north corner of the 423-acre tract of land that was conveyed by John Allen Gano to Margaret J. Doxey by deed recorded in Vol. 44, page 633, of the deed records of Victoria county, Texas, of which the land herein described is a part; thence S. 45° east 1,051½ varas to a stake on the northeast line of said 423-acre tract; thence S. 45° west 268⁴/₁₀ varas to a stake in prairie; thence N. 45° west 1,051½ varas to a stake on the northwest line of said 423-acre tract; thence N. 45° east 268⁴/₁₀ varas to the place of beginning."

He further alleged that Rutland had entered upon 8½ acres out of said parcel, described by metes and bounds as follows:

"Beginning at a corner of fence, which is S. 45° east, 1,011.5 varas from the north corner of the above-described 50-acre tract and also north corner of the above-mentioned 423-acre tract; thence S. 45° east 40 varas to a stake in the northeast line of said 423-acre tract and corner of the above-described 50-acre tract; thence S. 45° west 268.4 varas to a stake in prairie for corner and corner of said 50 acres; thence N. 45° west 1,051.5 varas to stake for corner in line of public road; thence N. 45° east with line of said public road 35.7 varas to corner of fence; thence S. 45° east with fence line 1,010 varas to corner of fence; thence N. 45° east 231 varas with fence to the place of beginning."

He sought to recover such parcel, together with its rental value.

Rutland answered by plea of not guilty; pleas of limitation under the three, five, and ten years' statutes; plea of agreed boundary line between plaintiff and defendant's grantor, Mrs. Doxey; and purchase by defendant of the land in controversy after a survey made by a surveyor employed by him and Mrs. Doxey. In connection with the plea of agreed boundary, defendant pleaded that

plaintiff was estopped to dispute the line thus alleged to have been agreed upon.

The trial resulted in a judgment for defendant.

By deed recorded November 19, 1900, Jno. Allen Gano conveyed to Mrs. M. J. Doxey 423 acres of land described as follows:

"* * * Being 352.2 acres of the S. A. & M. G. R. R. Co. survey No. 3, 35 acres of the same company's survey No. 5, and 35.8 acres of the Wm. Nettles survey and more particularly described as follows, to wit: Beginning at a stake for corner the same being S. 44½ degrees E. 212 varas from the northwest corner of a survey of 128½ acres of land conveyed by J. M. Gonzales to Robt. Clark, thence N. 45½ degrees E. 245 varas, for corner, it being 212 varas S. 44½ E. from the S. E. corner of a survey of 128½ acres conveyed by Robt. Clark to Jose Maria Gonzales, thence N. 44½ degrees W. 729 varas to stake for corner. Thence N. 45 degrees E. 963.65 varas to iron stake for corner of land sold by John Allen Gano to Miller. Thence S. 45 degrees E. 2,103 varas to another corner of Miller's land, an iron stake. Thence S. 45 degrees W. 1,232.65 varas to a stake for corner in the west line of the 128½-acre tract conveyed by Gonzales to Clark. Thence N. 44½ degrees W. 1,374 varas to the place of beginning, containing 423 acres of land. * * *"

By deed dated October 2, 1909, and duly filed for record on October 16, 1909, Mrs. M. J. Doxey conveyed to plaintiff the 50-acre tract of land described in his petition.

On October 23, 1915, said Mrs. Doxey conveyed to defendant 376.15 acres of land described as follows:

"Beginning at a stake in the south line of a public road, the same being the southwest corner of a 50-acre tract heretofore conveyed to E. Davies by Mrs. M. J. Doxey;

"Thence S. 45 degrees 43 minutes E. 1,010 varas to a stake the S. E. corner of the said Davies 50-acre tract, for corner of this survey;

"Thence N. 44 degrees 34 minutes E. 231 varas to a stake the N. E. corner of said Davies 50-acre tract, in the west line of the J. W. Rutland 600-acre tract, for corner of this survey;

"Thence S. 45 degrees 26 minutes E. with said line of said Rutland tract 1,058 varas to a stake in the north line of a public road, the same being the common corner of the said Rutland tract and the N. E. corner of this tract for corner of this survey;

"Thence S. 44 degrees W. with north line of said public road 1,236 varas to a stake in the east line of the J. Gonzales tract, said stake also being the corner of said public road and the S. E. corner of this tract for corner of this survey;

"Thence N. 44 degrees 40 minutes W. with the E. line of said Gonzales tract and the J. I. French tract 1,358 varas to a stake, the S. E. corner of the D. M. Kay tract, for corner of this survey;

"Thence N. 45 degrees 23 minutes E. with the south line of said Kay tract 241 varas to a stake the N. E. corner of the said Kay tract for corner of this survey;

"Thence N. 45 degrees W. with the east line

of said Kay tract 718 varas to a stake, corner of public road, for corner of this survey;

"Thence N. 44 degrees E. with the south line of public road 736 varas to the place of beginning, containing within these metes and bounds 376.15 acres of land, of which 39 acres more or less, are out of the Wm. Nettles survey, abstract No. 375, 306 acres, more or less, out of the S. A. & M. G. R. R. Co. survey No. 3, abstract No. 314 and 31.15 acres, more or less, out of the S. A. & M. G. R. R. Co. survey No. 5, abstract No. 316. All courses run at a variation of 9° East."

This conveyance was introduced in evidence by plaintiff "only for the purpose of showing that it called for the exception of the Davies 50 acres out of the land conveyed to Mrs. M. J. Doxey by John Allen Gano."

It was agreed that the deed introduced by plaintiff "would be taken and considered as showing the common source of title by plaintiff and defendant."

The tract of land owned by Mrs. Doxey, and hereinbefore described, is very incorrectly platted in appellee's brief, which plat is referred to to sustain the theory that there are three corners, either of which might have been meant for the beginning corner in the description of the 50 acres conveyed by her to plaintiff. A correct plat of said 423-acre tract will show that the line represented by the call S. 45° E. 2,103 varas should be called the northeast line; that the line represented by the call S. 45° W. 1,232.65 varas should be called the southeast line; that the southwest line is formed by the three calls N. 44½° W. 1,374 varas, N. 45½° E. 245 varas, and N. 44½° W. 729 varas; and that the call N. 45° E. 963.65 varas forms the northwest line. The place described in said deed to Mrs. Doxey as "iron stake for corner of land sold by John Allen Gano to Miller" is the only corner which can with certainty be described as the north corner of the survey. There are two corners on the southwest side of the tract, either of which might be called the west corner; but there is only one corner which would naturally be looked upon as the north corner. There can be no doubt concerning the corner at which the 50-acre tract is to begin, for in addition to the fact that it is described as the north corner of the 423-acre tract, and marked by an iron stake, the next call is S. 45° E. 1,051½ varas to a stake on the northeast line of said 423-acre tract. The only line which will fit the description of northeast line is the line running S. 45 E. 2,103 varas, besides to run S. 45 E. from any other corner would not follow any line of the 423-acre tract. This can be easily seen if a correct plat of the 423-acre tract is drawn. It is therefore clear what land out of the 423-acre tract was included in the 50 acres sold plaintiff.

It appears that a public road runs along the 963-vara line of the 423-acre tract, which will be referred to as the northwest line. The land referred to in the deed to Mrs. Doxey as owned by Miller was acquired by defendant Rutland, and is referred to by one of the witnesses as Rutland's land.

Plaintiff bought from Mrs. Doxey through her son, who at the time the deed was made agreed to have the 50 acres surveyed off for plaintiff, and soon thereafter procured a surveyor to do so; he and plaintiff acting as chain carriers. Plaintiff soon thereafter fenced his land along the lines designated by said surveyor, his inclosure containing only about 41½ acres. Plaintiff was not entirely satisfied with the survey, and was ignorant concerning the measurement of lands in Texas, but failed to make any resurvey until after defendant had purchased from Mrs. Doxey, and he had heard through defendant's tenant that his inclosure did not contain 50 acres.

[1] There can be no doubt that, when such survey was made by the surveyor employed by Doxey, the point at which the north corner of plaintiff's fence was found by the surveyor, Johnson, was recognized and pointed out as the north corner of the 423-acre tract. We therefore find that the owner of the land, through her duly authorized agent, recognized such point as the corner, and beginning at the same undertook to survey off to the purchaser the 50 acres. At that time the line between the 423-acre tract and the land owned by Miller was also pointed out by the owner. Now if the surveyor and the chain carriers had been accurate in their work the survey of the 50 acres, beginning at the point at which it was begun, would have embraced the 8½ acres sued for. That is fully established by the testimony of Surveyor Johnson. Strong corroboration is afforded by the survey made for defendant Rutland, as shown by the calls of his deed. When defendant purchased, he knew, or at least was chargeable with notice by reason of the record of plaintiff's deed, that the latter had bought from Mrs. Doxey 50 acres out of the 423-acre tract, and that he could only acquire title to the remainder. He and Mrs. Doxey had a survey made. They could have described the balance easily by excepting the 50 acres conveyed to plaintiff; but for some reason, not explained, they decided to make a survey. The surveyor selected by them began at a point on the public road where there is a short turn in the road, called by witness Robinson, who carried the chain, "a jog in the road." By reference to the plat contained in the statement of facts, this point, designated by the witness as the southwest corner, is one of the two corners which are more accurately described as west corners. From this point the surveyor ran to plaintiff's fence corner and around his inclosure to the west line of the land owned at one time by Miller, but at the time of the survey by defendant Rutland. The witness did not give the distances, but they are furnished by defendant's deed. It appears from the deed that the surveyor

in making his field notes did not call to begin at the point where he began his survey, but called to begin at a stake, the southwest corner of a 50-acre tract conveyed to E. Davies by Mrs. M. J. Doxey. His next call is S. 45° 43′ E. 1,010 varas to a stake, the southeast corner of said Davies 50-acre tract; then N. 44° 34′ E. 231 varas to a stake, the northeast corner of said Davies 50-acre tract, in the west line of the J. W. Rutland 600-acre tract. It will be noticed that these calls do not agree with those of the deed to Davies either in course or distance.

While the beginning corner is described as the corner of the 50-acre tract and not the corner of the inclosure, when the last call of the deed is considered and the testimony of Robinson, it becomes evidence that the surveyor assumed that the corner of the fence was the corner of the 50-acre tract, and that the discrepancy in courses and distances apparently failed to apprise him of the fact that he was indulging in false assumptions. The surveyor was bound to know that his distance would not give 50 acres in the shape of a parallelogram, and when defendant accepted his deed he was chargeable with notice that the lines called for did not follow in course or distance those called for in plaintiff's deed, which had been duly recorded. In addition, despite some discrepancies between the distances stated in Mrs. Doxey's deed and those stated in his deed, which would tend to diminish the acreage, the land called for in his deed amounted to more than Mrs. Doxey was supposed to own when the 50 acres are deducted from her original acreage. It is evident that this surveyor also accepted as the correct northwest line of the 423-acre tract the line running along the public road, which was accepted as the line of plaintiff's land when it was pointed out and surveyed off to him.

It also appears from defendant's pleading that he expressly alleges that Mrs. Doxey conveyed the entirety of her holdings in the three original surveys to him, including in said sale the strips of land now involved in this litigation, and that the surveyor made a skillful survey of the ground of the acreage so bought by him. This is in effect an admission that the northwest line adopted as the correct line when the surveyor for Mrs. Doxey undertook to run out the 50 acres is the correct northwest line of the 423-acre survey. Defendant admits he bought to the correct line, and the surveyor made a survey on the ground of the acreage purchased, which survey, as shown by the evidence and the deed, ran along the line contended by plaintiff to be the correct line. The defendant offered no testimony, and there is no evidence which shows that plaintiff had any knowledge of the survey made by defendant and Mrs. Doxey, or that he did anything whatever to mislead defendant, unless permitting his fence to remain on the wrong lines can be held to be such an act.

The judgment of the trial court must rest upon a finding in favor of defendant in error upon one of the following issues: (1) Did plaintiff prove that the 8½ acres sued for was a part of the 50 acres conveyed to him by Mrs. Doxey? (2) Did defendant show an agreed boundary line such as would bar plaintiff from claiming land outside of his inclosure, or show facts sufficient to estop plaintiff from claiming the 8½ acres as against him.

We will now state our views on the issues raised.

[2, 3] In view of the evidence and defendant's pleading, there can be no doubt that the 8½ acres is within the boundaries called for in the deed from Mrs. Doxey to plaintiff. Appellee's theory is that it would be necessary for plaintiff to show a survey from the northwest corner of the 128½ acres conveyed by Gonzales to Clark, and called for in the deed to Mrs. Doxey in order to show the true location on the ground of the north corner of her survey. This was unnecessary, as we view it, for two reasons: First, the evidence and admission satisfactorily show that the point taken by the surveyor employed by Doxey to survey the 50 acres and by Surveyor Johnson to be the north corner of the 423-acre tract was in fact such corner. Second, the owner having, through her agents, her son and the surveyor, taken said point as the corner, and caused the purchaser to fence upon the assumption that it was the corner, could not be heard to say that she had sold different land from that pointed out. As between her and the buyer, it must be taken as the corner. The defendant bought with knowledge that it was taken as the north corner of the 423 acres, and he bought upon the hypothesis that it was such corner, so he cannot be heard to say that plaintiff did not acquire title to the 50-acre tract properly run out from such corner as the beginning corner.

Surely there are no facts in the record which would have justified any finding of an agreement between Mrs. Doxey and plaintiff such as would preclude plaintiff from claiming to the lines called for in his deed. The purpose in making the survey was, not to locate a disputed boundary line, but to fulfill the agreement of the seller to survey off the 50 acres. That agreement carried the implied agreement to survey it correctly.

The man responsible for the correctness of the survey was employed by Mrs. Doxey. Her son and agent carried one end of the chain, while plaintiff carried the other end. Plaintiff had only been in Texas a short time, and the "vara" was not used in land measurements in the state from which he came. The surveyor made slight mistakes in the courses run, and serious mistakes were made in the distances. These facts are not mentioned in avoidance of any agreement, for there was no agreement. If it had been

the purpose of Mrs. Doxey to make an agreement as to boundary line, her agent should have informed plaintiff that he had brought a surveyor employed by Mrs. Doxey, and wherever he located the line it would stay, regardless of whether it corresponded to the calls of the deed. An agreement can certainly not be fastened upon plaintiff by merely showing that he assisted in carrying the chain and driving stobs at the places designated by the surveyor. By means of the incompetency or gross negligence of her agents in fulfilling a duty assumed by her, through the agent who sold the land, she was enabled for about five years to use 8½ acres of land which she had sold to plaintiff and bound herself to survey off to him. There can be no element of estoppel as to her.

The defendant, without making any inquiry whether the fence was on the line, and without being told by any one, so far as this record discloses, that such was the case, purchased the remainder of the 423-acre tract. A survey was made by a surveyor employed by him and Mrs. Doxey; and, taking the view most favorable to defendant, the surveyor was so negligent that he assumed that the fence marked the lines, when his own survey was sufficient to show him that such was not the case. Defendant although chargeable with notice of plaintiff's boundaries, the deed being on record, accepted a deed which disclosed on its face that it was not excluding the full 50 acres. He urges in his pleading that he paid $45 per acre for the land owned by plaintiff. There is no proof that he did so; but, even if there was, we do not believe that under the facts of this case he can hold said 8½ acres of land on the plea that plaintiff is estopped.

We conclude that the trial court erred, and that plaintiff in error should recover the land sued for by him.

The judgment is reversed, and judgment rendered that plaintiff in error recover of defendant in error the parcel of land sued for.

### On Motion for Rehearing.

Defendant in error contends, in effect, that the only evidence sufficient to establish the location of the north corner of the 423-acre tract would be that of a surveyor showing that he first located the beginning corner of said tract by surveying from the corner of the Gonzales survey, and then correctly ran the lines between said beginning corner and the north corner.

As we view the matter, the plaintiff having shown title to the 50 acres sued for by him, the location of such land on the ground may be shown by any competent evidence sufficient to enable the court to identify the boundaries thereof.

We will now take up the salient facts in their regular order. Mr. Doxey, as the agent for his mother, sold plaintiff 50 acres of land, and made the deed for it, which was accepted upon the condition that Doxey was to have this land surveyed off for plaintiff. He brought Surveyor Benjamin to survey the land, and it was surveyed off by him, with Doxey and plaintiff acting as chain carriers. Plaintiff drove stobs at the corners and placed his fence on the lines indicated by the survey. Plaintiff lived on the land before the survey was made. Surely plaintiff had no intention of buying land covered by or cut off by the public road, and Doxey had no intention of selling any such land or land covered by the survey lying northeast of the 423-acre tract. Benjamin must have taken steps to locate the north corner of the 423-acre tract, or have known its location. Doxey either pointed it out or accepted its location as indicated by Benjamin. Plaintiff constructed his fence upon the lines, which were too short to inclose 50 acres. The next survey was made by defendant's surveyor, whose duty it was to determine the lines of the 423-acre survey, excluding, however, the 50 acres sold plaintiff. He did not begin at the point now contended by defendant to be indispensable, but began, as testified by Robinson, "at the southwest corner, at a jog in the road," and then ran up to the corner of plaintiff's fence. This surveyor, it appears, found the northwest line to be the same as the one on which plaintiff's fence was constructed. This is fully and clearly shown by the calls prepared by him for defendant's deed. The southwest corner meant was doubtless the one which is shown on the plat. We find that the surveyor for Mrs. Doxey and the surveyor for defendant, and also Mr. Doxey, the agent for the owner of the 423-acre tract, all recognize the line on which plaintiff's fence was constructed as the correct northwest line of the survey of 423 acres.

We will now consider the evidence relating to the location of the line running S. 45° E. This line is called for in the field notes of the 50 acres to be the same as the northeast line of the 423-acre tract. The land lying east of said line is called for in the deed to Mrs. Doxey for said 423-acre tract to be the land sold by Gano to Miller, and the evidence discloses that it was afterwards acquired by defendant Rutland. The correct location of that line does not seem to have been in doubt. As the deed from Mrs. Doxey to plaintiff called to begin at the north corner of the 423-acre tract, and for the northeast line thereof to run on the same course as the northeast line of the 423-acre tract, it is evident that Doxey and his surveyor, Benjamin, must have determined upon the location of said line. They located it, as shown by plaintiff's testimony, at the place where plaintiff contends it is. Now, when defendant had his survey made, the surveyor ran along the southwest and southeast lines of plaintiff's land, and then ran to the south-

east public road. This is shown by witness Robinson's testimony. The field notes of the deed to defendant show that the surveyor accepted as correct the northeast line contended for by plaintiff and surveyed out to him. This is shown by a comparison of his field notes with the survey made by witness Johnson, which will now be discussed.

Before doing so, we will state that, after plaintiff had received information that there was a shortage in his tract, he employed Mr. Guerringer to survey for him. The survey was made and iron pipes driven at the corners. The pipes on the east line were in line with the fence that was there, "the line between the land Doxey sold to Rutland, and another tract of land Mr. Rutland bought." This was testified to by plaintiff, and indicates there was a fence between the 423-acre tract and the .600-acre tract bought by Rutland, being also referred to as the Miller land. Mr. Guerringer did not testify; but Mr. Johnson, afterwards employed by plaintiff to make a survey, testified that his survey showed the pipes to be located correctly. Johnson also surveyed out the lines on which plaintiff's fence was situated, and his distances correspond so clearly to those stated in the deed to defendant that it is evident that defendant's surveyor accepted as the correct northeast line of the 423 acres the line on which plaintiff's fence is located. Johnson also surveyed the entire northwest line of the 423-acre tract, and found that the distance of the northwest line called for in the deed to Mrs. Doxey of the 423 acres corresponded to the distance between the two points he took to be the corners marking the ends of said line, one of which was the north corner of plaintiff's fence; also, that the calls made in defendant's deed correspond to the actual distances along said northwest line.

The theory advanced in behalf of appellee is that perhaps appellant's northwest line should be located further northwest and his northeast line further northeast, and that therefore he has not proved himself entitled to the parcels lying southwest and southeast of his inclosure which taken with the inclosed land would give him his 50 acres. That theory is advanced despite the fact that on the northwest side the land inclosed is bounded by a public road and on the northeast side by land which all parties recognize as owned by defendant, and as no part of the 423-acre tract. If the northeast line should be located further northeast, the defendant ought to know it, and ought to pay Mrs. Doxey for more land than her deed calls for. If the northwest line is too far south, defendant got more land than his deed calls for. The defendant did not testify, nor did he produce his surveyor or introduce any testimony tending to show that any doubt existed with reference to the location of the lines. Doxey should have known something concerning the lines, but although on the day of the trial he could have been procured as a witness, as shown by the record, he was not placed upon the stand. Doxey had his surveyor adopt the lines contended for by plaintiff, or acquiesced in the correctness of the survey made by his surveyor. These lines were marked by plaintiff, and Surveyor Johnson took them as the basis for his survey. Defendant's surveyor should have learned of any mistake in the location of the lines, but he adopted the same northwest line and the same northeast line as contended for by plaintiff. It appears that all parties who owned the land and all surveyors who undertook to survey had no doubt about the location of the northwest and northeast lines, and plaintiff seeks to recover 50 acres run out from the intersection of said lines, which Doxey must have pointed out as the true north corner, or have acquiesced in when located by his surveyor. There is not a particle of evidence which tends to show that the corner is located elsewhere than as contended by plaintiff.

We find no reason for changing our conclusion that the evidence showed, without contradiction, that the parcel sued for was a part of the 50 acres embraced within the boundaries mentioned in plaintiff's deed.

[4] Defendant in error advances, with considerable confidence, the theory that he was entitled to a judgment upon the pleadings, but seems to be in doubt whether his pleading constituted a cross-action, and plaintiff's failure to file a denial entitled him to judgment, or whether it was merely an answer urging affirmative defensive matter, to which a denial is interposed by statute, but which he feels entitles him to a judgment because plaintiff failed to plead in avoidance thereof that the lines between him and Mrs. Doxey were the result of mistake. We were of the opinion that it was not a cross-action, and that the statute interposed a general denial, and that defendant failed to prove anything sufficient to constitute a defense, so there was no necessity for pleading any matter in avoidance. We are still of the same opinion. The pleading is in the usual form of an answer setting up affirmatively defensive matter. There is nothing in the body thereof or by way of indorsement which would indicate that defendant sought to present a cross-action. The prayer is as follows:

"Wherefore, defendant prays the court that plaintiff take nothing by his suit and that defendant go hence without day and recover of plaintiff all costs in this behalf expended. Defendant further prays that by judgment of this court he be forever quieted in the title, possession and enjoyment in the lands and premises sued for."

We think it is clear from the following decisions by the Supreme Court that this

pleading should be treated as simply an answer and not as a cross-action: Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056; Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427; Free v. Burgess & Son, 104 Tex. 31, 133 S. W. 421; Ellis v. Singletary, 45 Tex. 27.

[5] This being the case, the statute interposed a general denial in behalf of plaintiff. Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471. This placed the burden on defendant of proving his defense of agreed boundary line and estoppel. He failed to do so. The evidence failed to show any facts which would preclude plaintiff from recovering the land sued for as against Mrs. Doxey, and failed to prove that defendant bought on the faith of any representations by plaintiff, or that he even paid out any money because of being misled by the location of plaintiff's fence, or even that he was misled in any way. For further discussion of this issue, we refer to the original opinion.

[6] We were in error in treating the admissions made in defendant's pleading as an additional ground for supporting the conclusion that the land sued for was shown to be a part of the 50 acres. Such admissions could not aid plaintiff, as they followed a plea of not guilty, which made it incumbent on plaintiff to show a prima facie right to the property. Garrison v. Richards, 107 S. W. 861, and cases cited.

The motion for rehearing is overruled.