## BRADFORD v. McCUTCHEON et al.
### (No. 9714.)

(Court of Civil Appeals of Texas. Fort Worth.
Jan. 7, 1922.)

1. Judgment ⊜⇒251(2)—Defendants' plea of 10-year limitation an affirmative plea in trespass to try title.

In trespass to try title, defendants' plea of the statute of 10-year limitation was an affirmative plea, and supported as against plaintiff a judgment for defendant for part of the land sued for.

2. Judgment ⊜⇒251(2)—Without pleading no judgment may be rendered determining rights of codefendants.

Where, in trespass to try title, the defendants are cotenants, a judgment may not award a portion of the land to one defendant as against his codefendant without pleading to sustain it.

3. Appeal and error ⊜⇒1152—Judgment improperly rendered for cotenant as against another cotenant will be reformed.

Where record on appeal does not negative the fact that defendants, in trespass to try title, were cotenants, a judgment rendered for one defendant as against his codefendant without pleading to sustain it will be reformed.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action of trespass to try title by Bettie McCutcheon and another against M. S. Bradford and another. From judgment for defendant J. L. Erwin and for plaintiffs against defendant Bradford, he appeals. Reformed and affirmed.

R. B. Cousins, Jr., of Strawn, for appellant.
Maco & Minor Stewart, of Houston, for appellees.

BUCK, J. In this suit Mrs. Bessie McCutcheon and Currie McCutcheon sued M. S. Bradford, of Eastland county, and J. L. Erwin, of Mills county, in the form of trespass to try title for the possession and title of 298.6 acres of land, located in Eastland county. The defendant Erwin answered by a plea of not guilty, and specially pleaded the statute of 10 years' limitation as to 228 acres off the east end of the tract described in plaintiffs' petition. Defendant Bradford answered by general denial and a plea of not guilty, and specially pleaded the 10-year statute of limitation as to all of the land described in plaintiffs' petition.

The trial was before the court, and a judgment was rendered in favor of defendant J. L. Erwin on his plea of limitation as to the 228 acres, and in favor of the plaintiffs as to the balance. The defendant Bradford has appealed.

[1, 2] Under appellant's first assignment, it is urged that there was error in the judgment which awarded plaintiffs title to a certain portion of the land described in their petition as against both defendants, and awarded to defendant Erwin the remainder of the land as against the plaintiffs and as against defendant Bradford. It is urged in this assignment that defendant Erwin was not entitled to affirmative relief against Bradford, his codefendant, in the absence of a cross-action and a prayer for such relief.

In the fourth assignment it is urged that the judgment does not conform to the pleadings in the case, and is not based on such pleadings, in that defendant Erwin does not pray for affirmative relief against defendant Bradford. It has been held that, in a suit to recover land, an answer pleading general exceptions, general denial, and limitations, and praying judgment for the land and for other legal and equitable relief, was insufficient to authorize affirmative judgment for defendant on plaintiff's failure to appear. Wood v. Montgomery (Tex. Civ. App.) 136 S. W. 1150. But this holding was based upon the fact that the plaintiff was not served with the answer praying for affirmative relief, and did not appear at the trial, and hence was not shown to have joined issues with the defendant upon his plea for affirmative relief. Free v. Robert Burgess & Son, 104 Tex. 31, 133 S. W. 421. But, in the instant case, both defendants, as well as the plaintiffs, were present at the trial, and each party apparently was seeking diligently to adduce the evidence necessary to the establishment of his title to the land in controversy. Erwin's plea of the 10-year statute of limitation was an affirmative plea, and supported the judgment in his favor as against the plaintiffs. The trial court found that defendant Bradford had not claimed, used, or occupied any part of the land the requisite time to sustain his plea of limitation, and that therefore Bradford had not shown title to any part of the said land.

[3] It is urged by appellee that the part of the judgment which awards to Erwin his portion of the land as against Bradford is at most surplusage, and, in view of the court's finding that Bradford established no claim to any part of the land, such error, if any, becomes immaterial. For all that appears in the pleadings of defendants, there being no statement of facts in the record, Erwin and Bradford may have been cotenants. If so, the judgment rendered improperly awarded to Erwin the title to the land as against Bradford. Hence this court will reform the judgment below in so far as it entitled Erwin to recover from his code-

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendant, Bradford, the title to the east 692 varas of the property in controversy, and described in the judgment. As reformed, the judgment will be affirmed, with costs of appeal taxed one-half against appellant and one-half against appellee Erwin.

Judgment reformed and affirmed.

---

⊕═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes