Wheeler, J.
It is admitted that if the matters embraced in the plea were well pleaded the plaintiff had not the right, under the law and the decisions of this court, to take a nonsuit. But it is insisted that it was not competent for the defendants to plead in reconvention in this action. And this is the question to be determined.
Tiie right to plead in reconvention was derived from the civil law. And in Louisiana, where the civil law prevails, there have been frequent adjudications upon this subject. The local legislation there is said to have made no change in the ancient civil law upon the subject of reconvcution. It was so held in the case of Agaisse v. Guedron (2 Mart. R., N. S., 82, 83) before the adoption of the code of practice, when it was said the legislation of that State had passed the subject of reconvention in silence, and that the ancient law upon that subject was then in full force. And it was again so held in Montgomery v. Russell, (7 Mart. R., N. S., 200,) since the adoption of the code, which, it is there said, has made no change in the civil law upon that subject, though it has decided a question not clearly settled by the jurisprudence existing'at the time of its adoption; that is, that the matter pleaded in reconvention must be connected with the main action. (Id., 291.)
Since, then, the decisions in Louisiana are based not on their local legislation, but upon the ancient civil law. we may, it is conceived, with propriety refer to those decisions for the correct rule of practice here, in so far as it remains unchanged by our own legislation.
it is there held that to entitle a party to oppose a claim in reconventiou it is not requisite that it be liquidated. (2 Mart. R., N. S., 82; 7 Id., 209.) And although a claim not liquidated or susceptible of immediate liquidation cannot be pleaded in compensation or set-off, (5 Mart. R., N. S., 126,) yet a claim for unascertained damages arising out of the same transaction which is the subject of the. suit may be pleaded in reconvention. (6 Mart. R., N. S., 671; 10 La. R., 186; 18 La. R., 80.)
So, where a defendant who had been imprisoned on a capias ad satisfacien-dum was afterwards sued by the same plaintiff for a forced surrender, it was held that a plea in reconvention alleging that the defendant had been unlawfully imprisoned and claiming damages for the false imprisonment could *253 be sustained. (8 Mart. R., N. S., 149.) Again, it was decided that where a •principal had placed property in the hands of his surety to indemnify him, and the latter, having paid money for the former, sued him to recover the money so paid, the plaintiff could be compelled to account for the money so placed in his hands, by a plea in reconvention. (7 Mart. R., N. S., 291.)
Note 90. — Walcott v. Hendrick, 6 T., 406; Cannon v, Hemphill, 7 T., 184; Castro v. Sentiley, 11 'T., 28; Sterrett v. Houston, 14 T., 153; Phillips v. Patillo, 18 T., 618; Brady v. Price, 19 T., 285; Oarothors y. Thorp, 21 T.,3.">S; Duncan v. Bíagetto, 25 T., 2-15; Hamilton v. Van Hook, 26 T., 302; Coloman v. Bunco, 37 T.. 17i; Beckham v. Hunter, 37 T., 501. When the defendant has plead in reeonventiou the plaintiif cannot dismiss the suit so as to avoid atrial of the matters set up in the plea. (Bradford v. Hamilton, 7 T., 55; Cunningham v. Wheatly, 21 T., 181.)
*253 And where suit was brought on a judgment it was held that the defendant might plead in reconvention and pray for the annulling of the judgment. (2 La. R., 140.)
These references may suffice to show how extensive may be the application in practice of this plea. The only restriction upon its use in the Louisiana practice seems to be that the matter embraced in it be necessarily connected with and incidental to the main action. This is a requisition of the code of practice, article 375, which is thus expressed: “In order to entitle the defendant to institute a demand in reconvention, it is requisite that such demand, though different from the main action, be nevertheless necessarily connected with and incidental to the same; as, for instance, the demand instituted by the possessor in good faith against him who sues in order to evict him for the purpose of obtaining payment for the improvements made on the premises.”
But it will be perceived that while this article contains the restriction that the demand instituted in reconvention must be necessarily connected with and incidental to the main action, the instance selected to illustrate the principle is that of a claim for payment for improvements made by the defendant on the land from which it is sought to evict him by an action like the present. And this illustration shows that there is nothing in the nature of the action of trespass to try title or to recover the possession of land incompatible with the right of the defendant to interpose a plea in reconvention.
Nor is it perceived that our statute introduces any new rule upon this subject incompatible with that right. The statute was enacted to regulate, not to give the remedy. That existed anterior to the statute. And the only requisition of the statute is that the claim which the defendant may plead in reconvention shall be “ similar in its nature ” to that of the plaintiff. (Acts 1840, sec. 4.) In the case before ns the claims are not only similar in their nature, but that of the defendants is necessarily connected with and incidental to the subject of the main action. Both parties claim the same land, and each seeks to recover the possession and damages for the wrongful acts alleged to have been committed upon it by the other. It comes, therefore, within the principles which authorize this plea by the civil and our statute law. It seems more convenient in practice and more consonant to our system of pleading to permit the defendant to reconvene so as to obtain an adjudication of the respective claims of the parties in one action than to restrict the defendant to matters merely defensive, and compel him to resort to another suit in order to obtain an adjudication of his rights and a redress of the grievances he may have suffered from the plaintiff concerning the same subject-matter. It seems to us of less consequence whether the real actor in the case be the plaintiff or defendant, than that their respective rights be adjudicated and settled with the least possible circuity, litigation, and expense. And this practice, as is observed by the Supreme Court of Louisiana, “diminishes litigation, brings the contest between the disputants to a speedy termination, and lessenscosts.” (2 Mart. R., N. S., 82.) AVe see no objection to it upon principle, and we are not acquainted with any rule of law which forbids its application in the present ease.
We are of opinion that the plea in reconvention was maintainable in law, and that the court erred in permitting the plaintiff to take a nonsuit when •objected to by the defendants before the plea in reconvention was disposed of.
The judgment must therefore be reversed and the cause remanded for further proceedings.
Judgment reversed.