Whbelbb, J.
The evidence of title offered by. the plaintiff appeared to have been acquired after the commencement of the suit. It was therefore rightly rejected. There was no evidence that the plaintiff had any right whatever at the time of bringing his action, and it is quite too clear for argument that ho could not maintain a suit commenced without'any color of title by evidence of a title subsequently acquired.
The only question in the case which requires to be considered is, liad the plaintiff a right to terminate the suit by taking a nonsuit, and thus putting the defendants out of court after the latter had pleaded matters which constituted a cause of action against the plaintiff in respect to the subject-matter of the suit?
It is well settled that after the defendant has pleaded in reeonvention, the plaintiff cannot put an end to the suit, and deprive the defendant of the right to an adjudication of the matters contained in his plea by taking a nonsuit. (Thomas v. Hill, 3 Tex. R.; Egery v. Power, 5 Id.)
It has been repeatedly so decided bjr the Supreme Court of Louisiana. In Coxe v. Downes, (9 Rob. R., 133.) the cases in that court upou this subject were reviewed; and it was said to be well settled that “ when a demand in reeonvention is legally presented by the defendant in a suit, the plaintiff cannot put the demand and the party out of court by simply dismissing his claim.” The code of practice of that State, it was said, had only recognized the general principles of the Roman and Spanish law upon the subject. It is well understood (the court says) that quoad the demand in reeonvention a defendant is as much a plaintiff as the latter is, in relation to his demand; and neither can put the other out of court by simply dismissing his own claim. (Id., 134, 135.) It was accordingly held that, the plaintiff' might abandon ■ his claim, but the defendant must be allowed to prosecute his demand. (Id., 210.)
The matters, which may be pleaded in reeonvention, were considered by this court in the cases of Egery v. Power, 5 Tex. R.; Walcott v. Hendrick, 6 Tex. R. If the inquiry were material, the present must, it is conceived, be
Note 9. — Cunningham v. Wheatly, 21 T., 184.
held to he a plea in reconvention as known to the civil law of Spain, from which we have derived it. (Id., 2 La. R., 139; 9 Rob., 210; Id., 133.) But whether the present be deemed to be properly a plea in reconvention or not, it sets forth matters upon which the defendant seeks a judgment against the plaintiff respecting the subject-matter of the suit, and the principle applicable to it is, therefore, the same.
It is well settled that the defendant may in every case sot up in his answer any matters of defense, whether equitable or legal, which go to defeat Hie action. And in Walcott v. Hendrick, before cited, it was determined that “ the defendant may plead, in recouvention or by whatever name the plea may be called, in his defense and for redress all matters necessarily connected with the main action.” The doctrine of the case is this: if the defendant lias a cause of action against the plaintiff, touching the subject-matter of the suit, he may set it forth in his answer, and have the legal redress against the plaintiff t.o which he is entitled, in the same manner and to the same extent as if he were originally plaintiff.
The principle of the rule that the plaintiff cannot discontinue after the defendant has pleaded in reconvention is, that as to the matter pleaded in recon-vention, the defendant is the actor or plaintiff. This principle equally applies to every case in which the defendant sets forth matter in his answer which, if true, entitles him to have, and upon which he seeks, judgment against the plaintiff, and of course embraces the present case. Where the answer contains matters which constitute a cause of action against the plaintiff, its effect upon his right to dismiss his suit must be the same, whether it be called a plea in reconvention or a petition in the nature of a cross action, or by whatever other designation; for the defendant, as to the cause of action set for in his answer, is to be regarded as plaintiff. And, as has been said by the Supreme Court of Louisiana, (9 La. R., 310,) the principle which allows a plaintiff to discontinue his suit cannot be extended to cases in which the parties are alternately plaintiffs and defendants. “Neither party is then at liberty to discontinue a suit or action which is not exclusively his own, with a view to avert a judgment in the case, which his opponent has a right to obtain.” “Every consideration which prohibits the defendant from withdrawing from a cause applies with equal force against allowing the plaintiff to discontinue the demand presented against him.” (4 Mart., N. S., 444 ; 7 Id., 405.)
We are of opinion that the plaintiff could not, by taking a non-suit, put the defendant out of court as to the cause of action set forth in his answer, and consequently that the court erred in its judgment. The judgment must therefore be reversed, and the cause remanded for further proceedings.
Judgment reversed.