Opinion of the court.

## H. BLOCK & Co. v. ISAAC C. WEILLER.

(Case No. 5197.)

1. NON-SUIT — PRACTICE.— Plaintiff sued for land in which defendant set up homestead rights. On the trial it was admitted that title had been in one of the defendants. The defendants asked a judgment in their favor on the question of title, and prayed that the cloud cast by plaintiff's claim be thereby removed. The plaintiff, in support of his title, offered on the trial an execution and judgment against the defendant, in whom title was admitted, and under which plaintiff purchased, which were excluded, because sale was made after the return day of the execution. Plaintiff took thereupon a non-suit, to which defendant excepted, he asking a judgment on the admission that title was in him, but offering no testimony. The court refused to render a judgment in defendant's favor, and he appealed from the order dismissing the case. To the counterclaim of defendants, the plaintiff had pleaded a general denial by way of supplemental petition. *Held*, that no error was committed in allowing the non-suit and refusing a judgment for defendant on his counterclaim, he having offered no evidence to support it.

APPEAL from Milam. Tried below before the Hon. W. E. Collard. The opinion states the case.

*Antony & Wilcox*, for appellant, cited: R. S.; art. 1301; McCoy v. Jones, 9 Tex., 363; Ewell v. Anderson, 49 Tex., 703; Thomas v. Hill, 3 Tex., 270; Egery v. Power, 5 Tex., 501; Bradford v. Hamilton, 7 Tex., 55; Cunningham v. Wheatly, 21 Tex., 184; Slaughter v. Hailey, 21 Tex., 537; Hobby's Land Law, § 163; Texas Pleading and Practice, by Sayles & Bassett, § 603; Gilder v. McIntyre, 29 Tex., 89; Goodlett v. Stamps, id., 121; Wheeler v. Pope, 5 Tex., 262; Storey v. Nichols, 22 Tex., 87; Grier v. Powell, 14 Tex., 320; Burton v. Lawrence, 4 Tex., 373; Cartwright v. Roff, 1 Tex., 78.

*Henderson & Henderson*, for appellee, cited: R. S., secs. 1260–1301; Peck v. McKellar, 33 Tex., 234; Storey v. Nichols, 22 Tex., 87; McDonald v. Tinnon, 20 Tex., 245.

WILLIE, CHIEF JUSTICE.— Weiller sued H. Block, Frank Block and Theresa Block in an action of "trespass to try title" to recover a house and lot in Rockdale. The defendants united in pleading a demurrer, general denial and "not guilty," and H. Block and his wife, Theresa, pleaded also that the premises belonged to them and constituted part of their homestead, and hence were not subject to execution for plaintiff's judgment, upon which the claim of the latter rested. They also set up the facts upon which they relied as showing the premises in suit to be a part of their homestead. They

averred that plaintiff's claim cast a cloud upon their title, which they prayed might be removed, and that any pretended title of Weiller s might be divested out of him and vested in H. Block and wife, and for general and special relief.

To this plea plaintiff filed a general and special demurrer and a general denial. The case was tried before the judge without a jury. The plaintiff demanded of H. Block that he produce the deed showing title in him to the land sued for, and Block not being able to do this, it was agreed between the parties that the title was in H. Block. Plaintiff then introduced a judgment in his favor against Block, and also offered in evidence an execution issued thereon. But this latter was ruled out, because it appeared that the sale under it was made after return day. The plaintiff then proposed to take a non-suit, but the defendants objected because H. Block and Theresa Block had filed their cross action alleging plaintiff's claim to be a cloud upon their title, and asking a decree of title in them quieting the same. The court thereupon directed the defendants to proceed with their proof. The defendants stated that there was no necessity for further testimony under the facts, because title was admitted by plaintiff to be in defendant H. Block. They thereupon rested their case, and asked a judgment in favor of defendants because plaintiff could not now cure the defects in his title. This was refused by the court, and the plaintiff was allowed to take the non-suit. From this judgment the defendants have appealed to this court, assigning as error the ruling of the court allowing the non-suit when the defendants had a cross-action in the suit against plaintiff to remove cloud from title.

Our statutes allow a plaintiff to take a non-suit, in a case like the present, at any time before the decision of the court is announced, provided he does not prejudice the right of the defendant to obtain affirmative relief upon any counterclaim he may have pleaded. R. S., §§ 1260, 1301.

At the time the non-suit in this case was proposed, the plaintiff had admitted title in H. Block and attempted to show the manner in which it had been divested, but had failed in his proof as to the sale under execution. Under this condition of evidence the defendants were entitled to a judgment on their plea of "not guilty," or the plaintiff was authorized to take a non-suit unless the special plea of H. Block and wife prevented it.

This plea sought the affirmative relief of having the plaintiff's claim removed as a cloud upon their homestead right and to have his title vested in them. The defendants were in effect saying to

the court that, admitting that plaintiff has a claim to this property by purchase under execution against H. Block, that purchase is of no avail, because at the time of the accrual of this claim the premises were the homestead of these defendants. To this plea the plaintiff had, among other things, pleaded a general denial by way of supplemental petition.

The offer of plaintiff to discontinue his suit did not withdraw this answer to the counterclaim of defendants. Even had the nonsuit been granted, leaving the counterclaim of defendants to be tried, the plaintiff's answer to that counterclaim remained, and put the defendants upon proof of the facts upon which their prayer for affirmative relief was grounded. It certainly was not withdrawn whilst the plaintiff's application was suspended to allow the defendants to prove up their plea in reconvention. The case then stood as if H. Block and wife were plaintiffs in a suit in which they sought to remove a cloud from title to their homestead, and to divest the claim which Weiller set up under his judgment and execution and vest it in themselves, and Weiller was defendant denying the facts under which they claimed the relief. His denial put them upon proof of their case, viz., that the premises belonged to H. Block and Theresa Block, and was their homestead. They proved only that they belonged to H. Block and then rested.

It requires no argument to show that this proof alone entitled Block and wife to no such relief. It proved no homestead right which exempted the property from execution, but on the contrary showed an acknowledgment of title in Block alone, who was the defendant in the judgment held by Weiller. If Block's property, it was *prima facie* liable for his debts, and he should have followed up this evidence with proof of the facts which he claimed rendered it exempt.

But the defendants contend that they could abandon their claim of homestead and obtain relief under proof of title in H. Block. But their allegation is not that the premises belonged to him, but that they belonged to him and his wife. The averment would seem to make it community property, whilst the agreement relied on makes it the separate property of the husband, for the agreement was not that a deed for the lots had been made to H. Block, but that the title was in him. The prayer for relief is that the title be vested in Block and wife. Proof of separate property could hardly authorize the court to decree it to be of the community, and thus change the whole nature of the title. Had the appellants originally commenced this suit for the purpose of removing a cloud upon a

homestead situate upon their community estate, by reason of an execution sale at which Weiller claimed to have bought, and after showing the execution void, and the title in H. Block had vested, relief removing the cloud upon the homestead and vesting the title in the community would assuredly have been refused. This for the simple reason that they had not proved their case as alleged. The court allowed them in the present suit the privilege of proving all that their allegations called for, and they proved neither title, as alleged, nor homestead established upon the premises. They did not, therefore, make out a case for relief under their allegations and prayer, and the court did not err in allowing the non-suit to appellee and dismissing the plea of counterclaim. The judgment is affirmed.

Affirmed.

[Opinion delivered June 3, 1884.]