## U. S. SHORT ET AL. V. H. S. HEPBURN, RECEIVER.

### No. 426.—Decided June 1, 1896.

**1. Reconvention—Dismissal by Plaintiff.**

When the defendant in a suit, by a cross bill or plea in reconvention containing appropriate allegations, shows a cause of action against the plaintiff with reference to the subject matter of the suit, the plaintiff can not, by dismissing his case, defeat the defendant's right to a trial upon the cross bill. (P. 623.)

**2. Same—Trespass to Try Title.**

Where defendant by cross bill, in an action for the recovery of land, seeks affirmative relief, the allegations of the cross bill being in the ordinary form of an action of trespass to try title, the plaintiff cannot, by taking a non-suit, deny to defendant the right to be heard on his cross bill. (P. 624.)

**3. Same—Defensive Matter.**

Defendant's right to trial upon such plea is not confined to cases where he seeks affirmative equitable relief, but extends to matters available as a defense under the answer "Not guilty," when they are asserted by plea in reconvention setting up a cause of action and praying for a recovery. (P. 624.)

**4. Same—Cases Discussed and Explained.**

The case of Hoodless v. Winter, 80 Texas, 638, is not in conflict with this ruling, nor with Egery v. Power, 5 Texas, 501, and subsequent cases to the same effect; it is explained as based on the ground that the defendant's answer in that case did not contain the allegations necessary to constitute it a cross action, either for equitable relief or in trespass to try title, and was only effective as a defensive pleading. (P. 624.)

CERTIFIED QUESTION from the Court of Civil Appeals for Fifth District, in an appeal from Camp County.

The opinion states the point certified.

*Morris & Crow,* for appellants.

*W. S. Simkins,* for appellee. The authorities cited are discussed in the opinion.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fifth Supreme Judicial District has certified to this court the following statement and questions:

"In the above entitled cause the following issues of law arise, which this court deems it advisable to present to the Supreme Court of the State of Texas for adjudication, to-wit:

Question 1. In an action of trespass to try title, where the defendant by cross bill seeks affirmative relief, the allegations of the cross bill being in the ordinary form of an action of trespass to try title, fully describing

the land, can the plaintiff take a non-suit, dismiss the cause, and thereby deny to defendant the right to be heard on the cross bill?

2.  "On this point, does the case of Hoodless v. Winter, 80 Texas, 638, conflict with Egery v. Power, 5 Texas, 501; Bradford v. Hamilton, 7 Texas, 55; Block v. Weiller, 61 Texas, 692, and Schmidt v. Tolbert, 74 Texas, 451?"

In an action of trespass to try title, the defendant may, in addition to his defensive pleas, set up in a cross-bill or plea in reconvention his own right and claim to the land, and by appropriate allegations seek an affirmative recovery against the plaintiff.  Egery v. Power, 5 Texas, 501; Bradford v. Hamilton, 7 Texas, 55; Schmidt v. Talbert, 74 Texas, 451; De La Vega v. League, 64 Texas, 205.  In Egery v. Power, supra, the identical question was involved and decided, and it was held that in an action of trespass to try title the defendant might by plea in reconvention seek an affirmative recovery against the plaintiff in the suit.  In De La Vega v. League, the plaintiff sought partition of the land; one of the defendants by cross-bill set up title to the entire tract and asked judgments against the plaintiffs for the land.  It was in that case objected that the defendants' plea amounted to an action of trespass to try title, and could not be interposed in a suit for partition, but the court held that under our system of pleading it was competent for the defendant, by a cross-bill, to assert his title to the land and to recover it, even in a suit for partition.  Chief Justice Willie, delivering the opinion of the court, said: "A plaintiff calling a defendant into court for the purpose of obtaining relief against him, invites him to set up all the defenses which may defeat the cause of action sued on, or any other appropriate and germane to the subject matter of the suit which should be settled between the parties before a proper adjudication of the merits of the case can be obtained.  He grants him the privilege of setting up all such counter claims and cross actions as he holds against the plaintiff which may legally be pleaded in such suit.  This is particularly the case in our State, where a multiplicity of suits is abhorred and a leading object is to settle all disputes between the parties pertinent to the cause of action in the same suit."

When the defendant in a suit, by a cross bill or plea in reconvention containing appropriate allegations, shows a cause of action against the plaintiff with reference to the subject matter of the suit, the plaintiff cannot, by dismissing his case, defeat the defendant's right to a trial upon the cross bill.  Egery v. Power, 5 Texas, 501; Bradford v. Hamilton, 7 Texas, 55; Block v. Weiller, 61 Texas, 692; Schmidt v. Talbert, 74 Texas, 451.  In Bradford v. Hamilton, the court says: "The principle of the rule that the plaintiff cannot discontinue after the defendant has pleaded in reconvention, is, that as to the matter pleaded in reconvention, the defendant is the actor or plaintiff.  This principle equally applies to every case in which the defendant sets forth matter in his answer which, if true, entitles him to have, and upon which he seeks, judgment against the plaintiff, and of course embraces the present

case. Where the answer contains matter which constitutes a cause of action against the plaintiff, its effect upon his right to dismiss his suit . must be the same, whether it be called a plea in reconvention or a petition in the nature of a cross action, or by whatever other designation; for the defendant, as to the cause of action set forth in his answer, is to be regarded as plaintiff."

In an action of trespass to try title, the defendant may file his defensive pleas as a preparation to meet the plaintiff's case upon trial, and he may in addition, by a cross bill or petition, set up his own title and claim to the land as against the plaintiff, and by appropriate allegations and proper prayer put himself in the attitude to insist upon a decision of the matter at issue, whether the plaintiff desires to proceed with the litigation or not. The matter upon which the defendant may file a cross bill is not restricted to such as he could not introduce under his plea of not guilty, but may embrace matters which he could avail himself of as a defense as well as such matters as it would be necessary to plead specially in order to obtain relief, or it may consist of either without the other.

After a careful examination of the opinion written by Judge Henry in the case of Hoodless v. Winter, 80 Texas, 638, we are of the opinion that it was the intention of the court to hold that the defendant's answer in that case did not contain the allegations necessary to constitute it a cross action. While the clause of the answer quoted in the opinion alleged that the legal and equitable title to the land described therein was in the defendants, and that the plaintiffs were asserting some kind of pretended and fraudulent title to the land which cast a cloud upon the title of defendant, and prayed for removal of the cloud from his title and for general relief, it failed to allege specifically what title it was sought to annul, and therefore was by the court held to be defective as a plea to remove clouds from his title. Considered as an action of trespass to try title upon the allegation of legal and equitable ownership, it failed to comply with the requirements of the statute, in that it alleged no ouster by the plaintiff. (Art. 5250, sub. div. 5, Rev. Stats.) Of this plea, the court said: "In this case defendants failed to point out any particular deed or to allege any facts showing how it was that any muniment of title held or claimed by plaintiffs was such a cloud upon their title as relief should be given them against, under the equitable principle controlling such suits." And again, in the same opinion, the learned judge said: "It is only when the defendant, by a counter claim, seeks some affirmative relief that the right of the plaintiff to discontinue the entire cause is forbidden. Obviously the defendant only seeks such affirmative relief when by his own pleadings he prays for some specific recovery that cannot be given to him under pleadings that are strictly defensive and that serve only to compel the plaintiff to prove his own cause of action. The defendant must not only pray for affirmative relief, but he must state facts showing that he has a cause of action. If the defendant is doing no more than resisting the plaintiff's

recovery, the statutes recognize the right of the plaintiff for his own protection to dismiss the suit."

We think that it is a fair construction of this opinion to hold that the decision in that case rested upon the fact that the allegations of the answer were not such as to constitute a cross action asking affirmative relief against the plaintiff in the case. It is true that some of the language which follows the quotation last made would, taken alone, indicate that the learned judge who wrote the opinion intended to express the view of the law that a defendant could not in a cross action set up as ground of affirmative relief that character of title or claim of right which might be asserted under the plea of not guilty, or as defensive matter. But we think that, taken together with that which precedes and that which follows, the language is not susceptible of that construction, and that it was intended simply to illustrate the proposition that, under the pleadings in question, the defendant could have availed himself of all the matter properly alleged therein, and could have obtained the relief in a regular trial on the plaintiff's case, which he sought by the allegations of his plea.

In the case of Ellis v. Singletary, 45 Texas, 27, the defendant by a special plea set up matter which, if alleged in an original action, with a prayer for general relief, would have entitled him to foreclosure of the lien of notes described in the plea upon the land in question, but the court held in that case that he was not entitled to have his lien foreclosed upon the allegations of that plea, because the matter alleged was such as might be properly set up as a defense to the plaintiff's action and as explanatory of the circumstances under which his rights accrued, and that they would not be considered as constituting a plea in reconvention unless the allegations and prayer were such as to clearly indicate the intention to insist upon the plea as such. While the court did not cite this last case in the case of Hoodless v. Winter, practically the same doctrine is there asserted, and we think that the case of Hoodless v. Winter was decided upon the same principle as that of Ellis v. Singletary—that is, that the pleading indicated an intention to use the legal and equitable title alleged defensively, and not offensively, and therefore the plea was not good as a cross-bill or plea in reconvention. We think that, properly understood, the case of Hoodless v. Winter is not in conflict with the cases cited nor with any other case decided by this court.

The plaintiff had the right to dismiss his own case, but this could not operate to discontinue the cross bill of the defendant, and if the cross bill contained sufficient allegations for the purpose, it would stand as an action by defendant against the plaintiff upon which defendant was entitled to trial as if it had been an original suit.