**DAVIS, Agent, v. BOWEN.   (No. 6632.)**

(Court of Civil Appeals of Texas.   Austin. Oct. 18, 1922.   On Motion for Rehearing, Jan. 31, 1923.)

On Motion for Rehearing.

**Appeal and error ☞640—Motion to dismiss for failure to include caption in transcript, of which motion appellant had no notice, overruled.**

While, under rule 100 of the Supreme Court (142 S. W. xxiv), an appellant is responsible for the condition of the transcript which he accepts from the clerk of the trial court and files in the appellate court, under rules 8–11 (142 S. W. xi), prescribing the procedure in Courts of Civil Appeals, a motion to dismiss an appeal because the transcript did not contain any caption as required by rule 91 (142 S. W. xxiii), of which appellant had no notice until after the motion was sustained, and where

it appears in a motion for rehearing that, had appellant had the notice of such motion, steps would have been taken to cure the defects in the transcript, the motion to dismiss the appeal will be overruled.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Action by R. I. Bowen against Jas. C. Davis, Federal Agent. From a judgment for plaintiff, defendant appeals. On motion to dismiss appeal. Motion overruled.

Critz & Woodward, of Coleman, for the motion.

KEY, C. J.   Appellee has filed a motion to dismiss this appeal because the transcript does not contain any caption, as required by rule 91 for the district and county courts (142 S. W. xxiii), and because it does not appear from the transcript before whom the cause was tried, nor when the term of the district court of Brown county adjourned at which the cause was tried, and, as it affirmatively appears from the transcript that the judgment was rendered more than 30 days prior to the date of filing the appeal bond, and the failure of the transcript to show when the court adjourned, therefore it does not affirmatively appear that the appeal bond was filed in time to confer jurisdiction upon this court.

The motion correctly states the facts concerning the transcript, and we sustain the second ground thereof and dismiss the appeal. We do not hold that the failure of the transcript to contain a caption, as required by rule 91, would justify a dismissal of the appeal, where all the facts necessary, showing that the appellate court has jurisdiction, are made to appear elsewhere in the transcript. But, in the instant case, it nowhere appears when the court adjourned, and, as the judgment was rendered on February 23, 1922, and the appeal bond was not filed until March 31, 1922, it does not affirmatively appear that this court has jurisdiction. In certain instances an appeal bond may be filed within a given number of days after the adjournment of court, while in other instances it is required to be filed within 20 days after the judgment is rendered. In this case the bond was filed more than 20 days after the judgment was rendered, and, as the record does not show when the court adjourned, it does not affirmatively appear that the bond was filed within the time prescribed by law.

If the transcript contained the caption required by rule 91, it would show when the court adjourned, but it does not contain any caption, although the index may indicate that a caption was prepared, but omitted when the transcript was finally closed up and delivered to appellant's counsel. But, as appellant has made no reply to the motion

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and has not asked for time in which to have the transcript corrected, we deem it our duty to sustain the motion and dismiss the appeal.

Appeal dismissed.

### On Motion for Rehearing.

In this motion it is made to appear that appellant had no notice of the filing of appellee's motion to dismiss the appeal until after that motion was sustained; and it is stated that if such notice had been had, steps would have been taken to cure the defects in the transcript, pointed out in the motion.

While it is true that, by rule 100 (142 S. W. xxiv), prescribed by the Supreme Court for the government of our district and county courts, an appellant is made responsible for the condition of a transcript which he accepts from the clerk of the trial court and files in the appellate court, nevertheless rules Nos. 8, 9, 10, and 11 (142 S. W. xi), prescribe the procedure in Courts of Civil Appeals as follows:

"8. All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party.

"9. Motions to dismiss for want of jurisdiction to try the case and for such defects as defeat the jurisdiction in the particular case and cannot be waived shall also be made, filed and docketed at said time; provided, however, if made afterwards they may be entertained by the court upon such terms as the court may deem just and proper.

"10. Motions, made either to sustain or defeat the jurisdiction of the court, dependent on facts not apparent in the record and not ex officio known to the court, must be supported by affidavits or other satisfactory evidence.

"11. Motions for certiorari to perfect the record shall also be made in the time required in rule 8. They must be accompanied with a sworn statement, showing a necessity for the same, unless the record shows such necessity. If made afterwards they will be entertained only upon such terms as the court may deem just and proper. Unless reason appear to vary the rule, the party applying in all cases will be taxed with the costs."

Appellee's motion to dismiss the appeal was filed too late, except that portion of it relating to the jurisdiction of this court; and the motion was sustained because the transcript did not affirmatively show that this court had jurisdiction. The transcript, which is tendered with the motion for rehearing, supplies the omission, and shows that the appeal bond was filed in time; and therefore this court has jurisdiction.

The first part of rule 11, if considered by itself, seems to require a motion to cure defects in the record to be filed within 30 days after the transcript is filed, as stated in rule 8. The subsequent portions of rule 11 indicate that it was intended that appellate courts should have the discretion to permit such motions to be made after the time specified in rule 8; and therefore we have concluded that appellant is not cut off by rule 11 from any right whatever to have the transcript perfected.

The case is not yet set down for submission, and no harm will result to appellee if the motion to dismiss be refused. Therefore we have concluded that, inasmuch as neither appellant nor his counsel were notified that the motion to dismiss had been filed, it is just and proper to sustain the motion for rehearing, and overrule the motion to dismiss, which is accordingly done. All of the costs relating to the motion to dismiss and to this motion will be taxed against appellant.

Motion for rehearing granted; motion to dismiss overruled.