**MOORE v. NORDYKE, County Judge, et al.
(No. 2594.)**

(Court of Civil Appeals of Texas. Amarillo.
Sept. 22, 1925.)

**1. Exceptions, bill of ⬥27—Mandamus ⬥57
(1)—Approved bill is a record unless stricken
out, and mandamus will issue to compel trial
judge to return approved bills for prepara-
tion of transcript.**

Bills of exception, approved by trial judge
without qualification, import verity, and must
be construed as part of record until stricken on
proper motion filed in trial court, and where
trial judge, after approving bills without quali-
fication, obtains them from clerk and refuses
to return them for preparation of transcript,
on ground that approval was fraudulently ob-
tained, mandamus will issue to compel such re-
turn.

**2. Records ⬥17(2, 3)—Lost bill of exception
must be restored by proceedings in trial
court rather than in appellate court.**

On loss of bill of exception, proceedings to
supply it under statute relating to substitu-
tion of lost records must be instituted in trial
court, and not in appellate court.

Application for Mandamus in Chambers.

Suit by J. H. Moore for writ of manda-
mus to be directed to Charles Nordyke, Coun-
ty Judge, and others. Writ granted.

HALL, C. J. This is an application for a
mandamus, filed in this court by J. H. Moore,
in which he alleges, in substance, that in
January, 1925, he sued R. M. Galey, and on
the 7th day of February, 1925, upon a trial
before the respondent Judge Nordyke judg-
ment was rendered in favor of the defend-
ant, Galey; that four bills of exception taken
by plaintiff during the trial were prepared
and submitted to Judge Nordyke, who ap-
proved them without qualification, which
bills were filed with the clerk and remained
on file until about the 19th day of August,
1925; that on the 8th day of August, 1925,
the relator applied to Herbert Stubbs, the
county clerk of Lubbock county, Tex., for a
transcript, and was informed by said clerk
that he could not include the four bills of
exception, because they had been taken from
his possession by Judge Nordyke. The pray-
er is that Judge Nordyke be required to re-
turn the bills of exception to the county
clerk, and that said clerk be required to at
once prepare a transcript of the record, in-
cluding said bills. Both respondents answer-
ed and appeared in person upon the hearing.

The substance of Judge Nordyke's answer
is that he was presented with three bills of
exception in the case by one of the relat-
ors' attorneys, who represented that the bills
had been submitted to opposing counsel and
approved by them; that the stenographer's
notes showed that the exceptions were duly
taken upon the trial of the cause. He further
avers that the representations were false;
that the stenographer's record did not show
that any such bills of exception were taken
upon the trial, and that because the bills
had been fraudulently obtained, he had taken
them from the possession of the clerk.

[1] The answer raises an issue of fact
which this court cannot consider. The fil-
ing of the proper proceedings for a writ of
error and the service of citation gave this
court jurisdiction of the controversy. If
the bills of exception do not speak the truth
and were not really taken, and if the approv-
al and filing of them is the result of fraud
upon the part of relators' counsel, the trial
court is the proper tribunal for determining
such issues. Until they have been stricken
upon motion duly filed in that court, they
import verity, and this court must consider
them as part of the record. If the defend-
ant or the respondent sees fit to attack the
bills of exception in that court, and it is
made known by proper motion filed here
that such proceeding had been instituted,
consideration of the appeal will be postponed
for a reasonable time in order to permit the
record to be corrected.

[2] If there was in fact a fourth bill of ex-
ception, the duty devolved upon the relator
to proceed under the statute relating to the
substitution of lost records to supply the
missing bill in the trial court. It cannot be
done here. There are numerous decisions
which clearly define the rights of the parties
and the proper procedure in such cases,
some of them being East Line & R. R. Ry. v.
Culberson, 72 Tex. 375, 10 S. W. 706, 3 L.
R. A. 567, 13 Am. St. Rep. 805; St. Louis
S. W. Ry. v. Campbell (Tex. Civ. App.) 34
S. W. 186; Neville v. Miller (Tex. Civ. App.)
171 S. W. 1109; Eustis v. Frey (Tex. Civ.
App.) 204 S. W. 117.

The application is in all things granted,
and the respondent Nordyke is directed to
forthwith deliver the three bills of exception
to the respondent Stubbs, and that said
Stubbs is further directed to forthwith pre-
pare a transcript of the record, including
said bills of exception, and deliver the same
to counsel for relator.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes