## DAVIS et al. v. WICHITA STATE BANK & TRUST CO. et al.   (No. 2682.)*

(Court of Civil Appeals of Texas. Amarillo. May 19, 1926. Rehearing Denied June 30, 1926.)

**1. Exceptions, bill of ⬬⟹59(1).**

Where court took original bill of exceptions from which he had withdrawn his approval, amended and approved it, *held*, this bill should have been substituted for original bill, and a bill subsequently allowed as of its date and substituted was no bill.

**2. Appeal and error ⬬⟹643(4).**

Court of Civil Appeals in its discretion can entertain motion by either party for certiorari to perfect record filed, though the 30 days prescribed by rules for Courts of Civil Appeals 8, 11, 22, have expired.

**3. Appeal and error ⬬⟹659(1).**

On motion to strike bill of exceptions on ground, among others, that trial judge had withdrawn approval thereof by order, *held*, certiorari to bring up order as amendment to record should be allowed in view of Rev. St. 1925, art. 1823.

**4. Appeal and error ⬬⟹655(2).**

Motion to strike bill of exceptions from which it was alleged court's approval had been withdrawn *held* entitled to consideration, though not filed within 30 days after filing of transcript, notwithstanding Court of Civil Appeals rules 8, 11, 22.

**5. Appeal and error ⬬⟹655(2).**

Bill of exceptions from which trial judge withdrew approval at same term as given will be stricken by appellate court.

**6. Appeal and error ⬬⟹938(1).**

Appellate court must presume that bill of exception was approved on or before date of filing, in view of Rev. St. 1925, art. 2237, subd. 6, requiring judge to sign and then file bill.

**7. Exceptions, bill of ⌘46.**

Rev. St. 1925, art. 2237, subd. 6, requiring submission of bills of exception to adverse counsel, is not mandatory, particularly where all parties are before court when bill is prepared and settled.

**8. Appeal and error ⌘648.**

Even after perfection of appeal, trial judge on motion may amend bill of exception to conform to facts or may strike it from record, in view of Rev. St. 1925, art. 2237, subds. 7 and 8.

**9. Appeal and error ⌘78(4).**

Order denying plaintiffs a nonsuit *held* not final judgment from which appeal could be prosecuted, in view of Rev. St. 1925, art. 2211.

**10. Appeal and error ⌘544(3).**

Formal order denying plaintiffs permission to take nonsuit *held* sufficient to require review of court's action without bill of exception, in view of Rev. St. 1925, art. 2237, subd. 4, and district court rules 53 and 65.

**11. Dismissal and nonsuit ⌘19(1).**

Under Rev. St. 1925, arts. 2016, 2182, where defendant has sought affirmative relief, leave to take nonsuit should be denied plaintiffs in so far as it would deprive defendants of right to be heard on their affirmative pleas.

**12. Dismissal and nonsuit ⌘75.**

Entry of final judgments that plaintiffs take nothing after refusal to let them take nonsuit because of defendant's pleas for affirmative relief *held* error, dismissal of plaintiff's case without prejudice being proper.

**13. Dismissal and nonsuit ⌘19(1).**

Where both parties seek affirmative relief as to same subject-matter, plaintiff may take nonsuit, but defendant may try case made by counterclaim if pleading is good against general demurrer.

**14. Dismissal and nonsuit ⌘18.**

If nonsuit by plaintiff would materially affect status of subject-matter of suit or any party, it should not be granted.

**15. Dismissal and nonsuit ⌘42.**

Although plaintiff has taken nonsuit, his petition may be looked to in aid of defendant's cross-action for affirmative relief.

**16. Dismissal and nonsuit ⌘19(1).**

Taking of nonsuit by plaintiff under Rev. St. 1925, arts. 2016, 2182, will not prejudice rights of adversary to proceed on his cause of action for affirmative relief.

**17. Appearance ⌘20.**

Plaintiffs' filing of suit *held* appearance invoking court's jurisdiction such that after taking of nonsuit it was not necessary to issue and serve process on plaintiffs before counterclaim by defendants could be tried.

**18. Process ⌘6.**

Defendant, after answering, is charged with notice of all proceedings while remaining party to suit, and must take notice of cross-action against him by intervener or codefendant without citation.

**19. Judgment ⌘17(8).**

Where defendant files pleading asking for affirmative relief after plaintiff has taken nonsuit, citation is necessary to sustain judgment for him.

**20. Dismissal and nonsuit ⌘42.**

Plaintiff must take notice of proceedings had in case prior to taking nonsuit.

**21. Process ⌘6.**

Where suit was transferred from another court and pended on dockets for several months and jury was called for and fee paid, *held*, plaintiffs had notice of defendant's counterclaim, and although plaintiffs subsequently took nonsuit judgment on counterclaim without citation was valid (Rev. St. 1925, arts. 2016, 2182).

**22. Appearance ⌘20.**

Plaintiffs' agreement to postponement and setting of case after defendants' filing of counterclaim was waiver of citation in cross-action, if any was necessary by reason of nonsuit taken by plaintiff.

**23. Appearance ⌘8(1).**

Facts and circumstances which constitute appearance by a nonresident are more strictly construed than if he were a resident.

Error from District Court, Wichita County; Guy Rogers, Judge.

Suit by W. F. Davis and others against Wichita State Bank & Trust Company, P. B. Cox, and I. W. Keys, wherein defendants brought cross-actions. Judgment that plaintiffs take nothing by their suit, that defendant Wichita State Bank & Trust Company take nothing on its cross-action, that defendant I. W. Keys recover from plaintiffs, and that defendants P. B. Cox and I. W. Keys as a firm recover from plaintiffs, and plaintiffs bring error. Judgment reversed in part and reformed, and as reformed affirmed.

Smoot & Smoot and Kenley, Dawson & Holliday, all of Wichita Falls, for plaintiffs in error.

Cox, Fulton & Dickey. of Wichita Falls, and I. W. Keys, of Mexia, for defendants in error.

HALL, C. J. W. F. Davis, J. P. Howe, and. H. C. Meier filed this suit August 30, 1924, in the Eighty-Ninth district court of Wichita county, against the Wichita State Bank & Trust Company, P. B. Cox, and I. W. Keys, to recover against the defendants jointly and. severally the sum of $1,870. The suit is based upon a contract in writing, executed April 1, 1921, by the Wichita State Bank & Trust Company, party of the first part, J. M., W. W., and T. D. Lawrence and E. E. Flisher, parties of the second part, and by each of the plaintiffs herein, as parties of the third part. The contract purports to be an agreement of set-

tlement between the parties of a suit then pending in the district court of Wichita county, between the Wichita State Bank & Trust Company, and New-Tex Refining Company, and other defendants, with which action another suit of Lawrence Bros. & Flisher against the same defendants, originally filed in Tarrant county, and transferred to Wichita county, had been consolidated, together with a third suit by plaintiff in error Howe, in which there were many interveners, and in which last suit a receiver had been appointed. In the consolidated action the said bank, Lawrence Bros. & Flisher, after some consultation, settled their differences upon the terms set out in the contract, which is the basis of the plaintiffs' action in this suit.

In the contract entered into, it was agreed, among other things, that the plaintiffs in error herein would pay off and discharge certain current bills and expenses in litigation in the original suit, which, as estimated at the time of the contract, would amount to about $10,-000; that plaintiffs in error would deposit with I. W. Keys, as trustee, said sum of money; and that Keys, as trustee, would look to the payment of said bills and expenses for plaintiffs out of the money so deposited.

The plaintiffs allege in this suit that they deposited about $7,500 in said bank to the credit of Keys, as trustee, who breached his trust, and this suit is an effort to recover from the bank, Cox, and Keys, said sum of $1,870, which it is alleged the defendants misapplied and appropriated.

The bank answered October 22, 1924, setting up in full its defense, and by cross-action asked for affirmative relief, claiming certain sums which it alleges grew out of the same contract and the same transaction declared upon in plaintiffs' petition.

Cox and Keys answered February 24, 1925, and in addition to their answer, by cross-action, they asked for attorney's fees and trustee's fees alleged to be due them because of the matters and contract declared upon in plaintiffs' petition.

There was a trial to a jury which resulted, on the 13th day of March, 1925, in a judgment that plaintiffs take nothing by their suit against either of the defendants; that the bank take nothing against plaintiffs on its cross-action; that Keys' recover from the plaintiffs the sum of $500, with interest from date at 6 per cent.; and that Cox and Keys, as a firm, recover of plaintiffs the sum of $2,-000. It was further decreed that plaintiffs pay all costs.

There is a bill of exception in the record, presented by plaintiffs' attorneys, indorsed, "Filed March 21, 1925," by the clerk of the district court.

The following statement appears on the bill, signed by the trial judge:

"This bill of exception examined and approved and ordered filed as a part of the record in this cause this the ―― day of March, A. D. 1925."

The bill of exception recites that on the 13th day of March, 1925, the case having been set for trial, it was on said date called for trial at 9 o'clock, before plaintiffs or their attorneys arrived in the courtroom; that the defendants, Cox, Keys, and the bank, announced ready in the absence of plaintiffs or their attorneys; that a few minutes thereafter plaintiffs' attorneys came into the courtroom, and without further call they announced to the court that they did not desire to further prosecute their suit, and asked leave of the court to take a nonsuit. Thereupon defendants made objection that a cross-action had been filed by them against plaintiffs; that a nonsuit could not be taken, and requested that the court refuse to permit plaintiffs to take a nonsuit; that upon consideration, the court refused to permit plaintiffs to take a nonsuit, and tendered plaintiffs a jury list, whereupon plaintiffs' attorneys stated to the court that they would stand upon their right to take a nonsuit, and requested that they be excused from further attendance upon the court. This request was granted, and without further call of said cause or announcement from either party, plaintiffs and their attorneys retired from the courtroom and were not in attendance, further than as recited in this bill, during the subsequent proceedings had in the cause; that they stated to the court that they appeared only for the purpose of taking a nonsuit, made no announcement whatever in the cause, and when the court denied their request that they be allowed to take a nonsuit, they then and there in open court tendered this bill of exception to the action of the court, praying that it be examined, signed and approved, and ordered filed.

After the judgment was entered, the plaintiffs by writ of error appealed, and filed their transcript in the Court of Appeals at Fort Worth on the 8th day of December, 1925. By order of the Supreme Court the case was transferred to and filed in this court March 5, 1926.

On February 22d, last, the defendants in error, hereinafter styled defendants, filed their motion in this court to strike out the aforesaid bill of exceptions, upon the grounds: (1) That it was not properly approved by the trial court; (2) because the trial judge had attempted to approve it without having first submitted it to counsel for defendants in error, as provided in article 2064, V. S. C. S., being under the mistaken impression that the bill had been agreed to by all parties; and (3) because the trial judge had withdrawn his approval of the bill by an order entered at the same term of court, after the facts set out in the bill had been called to his attention, and that said order had never been vacated or amended, and that after withdrawing his approval he had never approved said bill or any other bill pertaining to the matters recited therein. The order entered upon

the minutes of the court, dated April 11, 1925, signed by the trial judge, is as follows:

"It now appearing to the court that the defendants' bill of exception heretofore approved does not properly reflect the full text of the matters therein mentioned, the approval of the court thereon is hereby withdrawn."

The defendants' motion to strike the bill of exceptions was contested by the plaintiffs by an answer filed in this court March 9th, last, upon the following grounds:

(1) Because the motion to strike was not filed in this court within 30 days after the filing of the transcript as required by rules 8 and 11 for the Courts of Civil Appeals.

(2) Because the motion to strike presents issues of fact dehors the record which cannot be tried in this court upon affidavit or otherwise, since the questions presented do not go to the jurisdiction of this court, under article 1823, R. S.

(3) Because the evidence presented upon the issues in support of the motion is incompetent.

(4) Because the attorneys for defendant were present and participated in the investigation in open court, which resulted in the trial judge finally approving the bill.

[1] (5) Because the presentation of the bill to opposing counsel, under article 2064, before its approval, was unnecessary when said counsel were present in court and participated in the hearing held for the express purpose of determining whether the bill should be allowed. This motion and the answer to it were presented on March 10th, but were not acted upon by this court, and an order was entered that they be passed to be considered with the case on the merits. Thereafter, and before the submission of the case, the plaintiffs commenced proceedings in the trial court to substitute the lost bill of exceptions which they assert was given them by the judge after he had withdrawn his approval of their original bill, and the defendants also have moved the court to correct his order withdrawing his approval so as to show that it was the plaintiffs' bill, instead of the defendants' bill, from which he had withdrawn his approval. The defendants' motion was granted, and the order corrected by a nunc pro tunc order entered March 13, 1926. At the same time the court granted the plaintiffs' motion and gave them what the plaintiff insists is no bill of exception at all. We think this contention is sound.

It appears from the copy of the proceedings of March 13, 1926, in which defendant asked for the correction of the clerical error in the order withdrawing the court's approval of the bill, showing that it was plaintiffs' bill instead of defendants' bill, and in which plaintiffs endeavored to have a substituted bill prepared, that the court has entered an order on that date, the substance of which is that all parties appeared before him and were unable to agree as to what plaintiffs' bill of exception No. 1 contained. The court further recites that his memory is not sufficiently clear to enable him to say just what was done, as shown by the original bill which has since been lost. The court then orders that the plaintiffs be given a bill of exception as of the date of April 18, 1925, and, omitting the formal parts, the substance of the bill is: That as remembered by the court and reflected by memoranda from his docket, the cause was filed by Wilson & Williams in the Eighty-Ninth district court, and transferred to the Seventy-Eighth district court at the October term, where the case was regularly set for trial on January 13, 1925, at which time it was reset for March 3d, and upon that date, by agreement, was again set down for trial on March 13, 1925. That on the 9th day of March, being the first day of the week, the court called all cases set for that week and confirmed the previous setting of this case for Friday. That on Friday, the 13th, the case was called for trial at 9 o'clock a. m., the defendants announced ready, and plaintiffs' attorneys announced that they would no longer prosecute the cause of action, and asked to take a nonsuit. That the defendants insisted upon a trial, stating that they had answered asking affirmative relief. That some authorities were presented and the matter briefly discussed, at the conclusion of which the court announced that the case would go to trial, and tendered counsel for both sides jury lists. Plaintiffs' counsel stated that they would stand upon their right to take a nonsuit, and retired from further attendance upon the court during the trial. That a jury was impaneled, the case tried, and a judgment rendered as reflected by the record. That thereafter the court signed an order denying plaintiffs nonsuit, that the record might disclose the court's action in that respect. Upon rendering judgment, plaintiffs' counsel presented a bill of exception to the court wherein they complained of the court's action in rendering judgment, notwithstanding their prayer for a nonsuit, which bill of exception had not been approved by opposing counsel. Defendants' counsel complained of some of the matters contained in the bill of exception, and it appearing that opposing counsel had not agreed, the court, by its order, withdrew its approval. The approval was withdrawn to the end that a hearing might be had to determine the proper bill of exception to be filed as plaintiffs' bill of exception No. 1. That a hearing was had with all the counsel present, at which time, counsel still failing to agree, the court took the bill of exception as presented by plaintiffs' counsel, struck therefrom certain portions thereof, interlined therein, and added thereto, in which condition, so reformed, such bill of exception was approved, which embodied the essential items of fact above set out. That no bill of exception other than as herein mentioned was ever presented to the court. The order further shows that the

· plaintiffs in open court excepted to the order ·and ruling of the court made on March 13, 1926, and gave notice of appeal.

If a bill of exceptions was ever given by the court, it has never been substituted, as re-·quired by the statutes. If we are to under-·stand that the court took the original bill from which he had withdrawn his approval ·and amended it by striking out certain portions and by interlining and adding other matter to it, that is the bill which should have been substituted in the trial court, and it has not been done.

[2-8] Notwithstanding rules 8, 11, and 22 for the Courts of Civil Appeals, it is within the discretion of this court to entertain the motion by either party for certiorari to per-'fect the record filed after the expiration of ·the 30 days prescribed by said rules. Davis v. Bowen (Tex. Civ. App.) 248 ·S. W. 63. We ·think the defendants, upon the showing made ·in their motion, were entitled to have it con-·sidered, a·nd to have the order of the court withdrawing his approval of the original bill brought up as an amendment to the record. It is true that the court's approval of the original bill does not show what day in March he approved it, but R. S. 2237, subd. 6, provides that the judge shall sign the bill when he has examined it, a·nd then file it with the clerk. The record shows that it was filed with the clerk on March 21st, and we must therefore presume that it was approved on or before that date. Heffron v. Pollard, 73 Tex. 96, 11 S. W. 165, 15 Am. St. Rep. 764; San Antonio & A. P. Ry. Co. v. De Ham (Tex. Civ. App.) 54 S. W. 395; Evans v. Pigg, 28 Tex. 587; Rodgers v. Ferguson, 32 Tex. 533; Bridges v. Cundiff, 45 Tex. 437; H. & T. C. Ry. Co. v. Lockhart (Tex. Civ. App.) 39 S. W. 320; I. & G. N. Ry. Co. v. Taylor, 62 Tex. Civ. App. 455, 131 S. W. 620. By express provision of R. S. art. 2237, subd. 6, it is made the duty of the trial judge to submit bills of exception which have been presented to him to adverse counsel, but the purpose of such requirement is to give the adverse party an opportunity to object to any part of the bill which they may deem incorrect. In our opinion, this requirement is not mandatory, since the statute provides that it shall be submitted to the counsel of adverse party if he is in attendance upon the court, and it certainly should not apply where all parties were before the court at ·the time the bill was prepared and settled. Stephens v. Herron, 99 Tex. 63, 87 S. W. 326; Sanger v. The Bank (Tex. Civ. App.) 170 S. W. 1087. It is held that even after an appeal is perfected, .the trial judge has the right, upon motion made for that purpose, to amend a bill of exception so as to make it conform to the facts, or he may strike it from the record. Moore v. Nordyke (Tex.. Civ. App.) 275 S. W. 849; East Line, etc., Ry. Co. v. Culberson, 72 Tex. 375, 10 S. W. 706, 3 L. R. A. 567, 13 Am. St. Rep. 805; Harris v. Stark, 101 Tex. 587, 110 S. W. 737; St. Louis S. W. Ry. Co. v.

Campbell (Tex. Civ. App.) 34 S. W. 186; Eustis v. Frey (Tex. Civ. App.) 204 S. W. 117, R. S. art. 2237, subd. 7, and 8.

[9, 10] The final judgment entered in the case recites that when the case was called for trial plaintiffs' attorneys stated orally to the court that they desired to take nonsuit; that the defendants' counsel objected; that the court, after examining the pleadings, and finding that the defendants had filed cross-actions seeking affirmative relief, and plaintiffs not paying or offering to pay the costs which had accrued, the court proceeded to try the case; that the plaintiffs made no request for further postponement or continuance, and by their attorneys refused to make any announcement.

On the 13th day of March, 1925, that being the same day the final judgment was rendered, the court entered an order upon the minutes, denying and overruling the plaintiffs' request that they be permitted to take a nonsuit. The.order further recites that the plaintiffs excepted to the court's ruling. Even though there is no bill of exception in the record which properly presents for review the court's action in denying the plaintiffs' re-. quest, we think the recital of the proceedings in the judgment of the order just referred to is sufficient to require this court to review the court's action in this particular.

R. S. art. 2237, subd. 4, provides that where the ruling or other action of the court appears otherwise of record, no bill of exception shall be necessary to reserve an exception thereto. This statute is in conformity with district court rules 53 and 65 and the rule previously announced in the case of Cunningham v. Wheatley, 21 Tex. 184. The order referred to above denying plaintiffs the right to take a nonsuit is not a final judgment from which an appeal could be prosecuted. Scherff v. Missouri Pacific Ry. Co., 81 Tex. 471, 17 S. W. 39, 26 Am. St. Rep. 828; 7 Stand. Encyc. of Proc. 692; 1 Freeman on Judgments (5th Ed.) p. 42. Since only one final judgment can be entered in a case (R. S. art. 2211), the order is merely interlocutory, but is sufficient to reserve the exception to the court's action. Martin v. Crow, 28 Tex. 613.

[11] The next question for consideration is: Did the court err in not permitting the plaintiffs to take a nonsuit when the case was called? As applied to jury cases, R. S. art. 2182, provides:

"At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief."

R. S. art. 2016, is to the same effect.

This language clearly gives the plaintiff the right to dismiss his action and abandon his efforts to obtain a judgment against the defendant .at any time before the jury retires; but it is equally clear and emphatic in declaring that in doing so, he shall not thereby prej-

udice the right of the adverse party to be heard upon the latter's claim, if any, for affirmative relief asserted against him. Where the defendant has, by cross-action, pleas in reconvention, counterclaim, or set-off, asked for affirmative relief, and such plea is on file at the time plaintiff announces his desire to take a nonsuit, the court should deny the request, in so far as such action upon plaintiff's part would result in depriving the defendants of their right to be heard upon their affirmative pleas.

[12] In the instant case it appears that plaintiffs' suit is based upon a contract of settlement in which the defendant Keys had been appointed trustee to disburse certain funds to be deposited with him, and which charged him with performance of certain other duties. It further appears that the defendant Cox had rendered legal services in connection with the matters growing out of and incident to the contract. Cox and Keys were lawyers and partners. They had filed their pleadings asserting their counterclaims, and by agreement with plaintiffs' counsel in open court, the case had been set for hearing, and by subsequent agreement the trial had been postponed. Under these circumstances, the court could not require the plaintiffs to go to trial and press their cause of action against defendants by pleading and evidence for an adjudication of the issues involved, and we think the court erred in entering a final judgment that plaintiffs take nothing by their suit after they had declined to submit their case for adjudication. The court should have dismissed their case without prejudice.

[13, 14] Where pleadings of both parties involve the same subject-matter upon which each sought affirmative relief, the plaintiff may take a nonsuit, and thereafter the defendant should be permitted to try the case made by his counterclaim, if his pleading asserting it is sufficient as against a general demurrer. If, however, a nonsuit by the plaintiff would materially affect the legal status of the subject-matter of the suit, or any party to it, the nonsuit should not be permitted. United Motor Co. v. Hendricks (Tex. Civ. App.) 168 S. W. 878; Wolf v. Wolf (Tex. Civ. App.) 269 S. W. 488; Dunlap v. Southerlin, 63 Tex. 38; Jackson v. Furst Edwards & Co. (Tex. Civ. App.) 154 S. W. 243; Leverette v. Rice (Tex. Civ. App.) 151 S. W. 594; Hardin v. Majors (Tex. Civ. App) 246 S. W. 100.

But we have no such case before us here.

[15] It has been held that even though the plaintiff has taken a nonsuit, his petition may be looked to in aid of the defendant's cross-action seeking affirmative relief. Northern Texas Traction Co. v. City of Polytechnic et al. (Tex. Com. App.) 236 S. W. 73; Burford v. Burford (Tex. Civ. App.) 40 S. W. 602; Jones v. Wagner (Tex. Civ. App.) 141 S. W. 280 (writ of error refused).

[16] In the instant case, however, that part of the defendants' answer setting out the facts constituting their counterclaim is sufficiently full and definite to support a judgment in their favor without regard to the allegations in the plaintiffs' petition. The purpose of these statutes was to limit and modify the practice known as retraxit and nonsuit at common law, and dismissal in equity cases (6 Encyc. of 'Plead. & Pract. 829; 3 Bouvier's Law Dictionary, p. 2950; 9 R. C. L. 191, 192), and they govern the rights of the parties in all cases coming within their terms and provisions. While some discordant notes may be heard (Midkiff v. Stephens, 9 Tex. Civ. App. 411, 29 S. W. 54), the general rule as announced by the Supreme Court and Courts of Civil Appeals seems to be that, with the exceptions above referred to, the plaintiff may take a nonsuit at the times prescribed by the statute, but that such action on his part will not prejudice the rights of his adversary to proceed to trial and judgment upon a valid cause of action sufficiently pleaded by him (Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056; Jungbecker v. Huber, 101 Tex. 148, 105 S. W. 487; Egery v. Power, 5 Tex. 501; Bradford v. Hamilton, 7 Tex. 55; Block v. Weiller, 61 Tex. 692; Schmidt v. Talbert, 74 Tex. 451, 12 S. W. 284; Clement v. Producers' Refining Co. [Tex. Civ. App.] 270 S. W. 206; City of Dallas v. McElroy [Tex. Civ. App.] 254 S. W. 599; Walker v. Haley [Tex. Civ. App.] 236 S. W. 544; Apache Cotton Oil & Mfg. Co. v. Watkins & Kelly [Tex. Civ. App.] 189 S. W. 1083; Nunez v. McElroy [Tex. Civ. App.] 184 S. W. 531; Taylor v. Hill [Tex. Civ. App.] 183 S. W. 186; Kolp v. Shrader [Tex. Civ. App.] 131 S. W. 860; Blank v. Robertson, 34 Tex. Civ. App. 387, 78 S. W. 564; Smith v. Wilson, 18 Tex. Civ. App. 24, 44 S. W. 556).

The appellants further contend that the court erred in instructing a verdict against them after they had declared their intention to take a nonsuit. We sustain this proposition. They further insist that after they had requested that the court permit them to take a nonsuit, and had declined to further appear in the case and participate in the trial, no judgment could be rendered against them upon defendants' counterclaim without the issuance and service of process upon them based upon such counterclaim. We cannot assent to this proposition.

[17] When plaintiffs filed their suit, it was an appearance which invoked the jurisdiction of the court, and invited a determination of the issues presented.

"Appearance is predicable of every party to an action who submits himself to the jurisdiction of the court, whether plaintiff or defendant." 4 C. J. 1314–1316.

[18] The rule with reference to a defendant is that when he has answered the plaintiff's petition, he is charged with notice of all the proceedings in the case as long as he remains a party to the suit, and it is held that he must take notice of a cross-action filed against

him by an intervener or a codefendant without citation. Gregg v. Texas Bank & Trust Co. (Tex. Civ. App.) 235 S. W. 689; Dougherty v. The Bank (Tex. Civ. App.) 258 S. W. 501; Cruz v. Texas Glass & Paint Co. (Tex. Civ. App.) 199 S. W. 819; Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136.

As said by Judge Phillips in the last case:

"Having entered his appearance in the main case, McKinley was before the court for all purposes, and Doyle was entitled to judgment against him upon his cross-action without the necessity of citation."

[19] Where the defendant files a pleading asking for affirmative relief after the plaintiff has taken a nonsuit, citation is necessary in order to sustain a judgment in his favor. Blunt v. Houston Oil Co. (Tex. Civ. App.) 146 S. W. 248 (writ of error refused); Roller v. Reid, 87 Tex. 69, 26 S. W. 1060.

[20-22] After a careful consideration of practically all the cases in this state bearing upon the question, we think the correct rule applicable to this case is that the plaintiffs having appeared and invoked the jurisdiction of the court, thereby challenging the defendants to answer by matters defensive, as well as offensive, they must be held to have had notice of every fact pleaded by the defendants prior to the time they announced their decision to take a nonsuit. At the time they made their request after the call of the case in open court, the answer of Cox and Keys had been on file for more than one week. They had, in open court, agreed to a postponement and setting of the case, and the record shows that at the time they made their request, the defendants objected to the court granting plaintiffs a nonsuit, stating as the grounds for their objection that the defendants had filed a cross-action and counterclaim against plaintiffs. We think their agreement to a postponement and setting of the case waived the service of notice or process, even if it could be held that citation was necessary; but when the fact was called to their attention at the time they made the request that defendants' answer containing a counterclaim was on file, they thereafter acted at their peril in withdrawing from the case. The general rule is that plaintiff must take notice of all subsequent proceedings had in the case prior to his nonsuit. This suit was filed in one district court of Wichita county, and had been transferred to another court; a jury had been called for and the fee paid, and had been pending upon the dockets of these courts for several months. Under these circumstances, and in view of the statutory provision, we think it cannot be contended that they had no notice of defendants' counterclaim and that no judgment could be entered against them upon it without the formality of a citation. Edinburgh Irr. Co. v. Ledbetter (Tex. Civ. App.) 247 S. W. 335; Elstun v. Scanlan (Tex. Civ. App.) 202 S. W. 762; Degetou v. Mayer (Tex. Civ. App.) 145 S. W. 1054; Vernor v. DeSullivan & Co. (Tex. Civ. App.) 126 S. W. 641; Houston & T. C. Ry. Co. v. Walker, 107 Tex. 241, 173 S. W. 208, 177 S. W. 954; Mueller v. Heidemeyer, 49 Tex. Civ. App. 259, 109 S. W. 447; Garrett v. Robinson, 93 Tex. 406, 55 S. W. 564.

[23] The facts and circumstances which constitute an appearance in the courts of this state by a nonresident are more strictly construed against him than if he were a resident. We find attached to the appellees' brief affidavits showing that the plaintiffs were resident citizens of Iowa and Missouri and have never been residents of Texas. If these affidavits can be considered by us upon the question of the jurisdiction of the trial court and of this court, the judgment should unquestionably be affirmed. We believe, however, that aside from this question the court did not err in rendering judgment against them upon defendants' cross-action.

We reverse the judgment in so far as it decrees that plaintiffs take nothing, and reform it by here decreeing that they be permitted to take a nonsuit without prejudice to any subsequent action upon their part, and as reformed the judgment is affirmed.